WILLIS V. DAUGHERTY et al., Individually and as Members of the Board of Trustees of Mohawk Valley Community College, et al., Plaintiffs, *v.* COUNTY OF ONEIDA et al., Defendants.

Fourth Department, December 3, 1964.

*Evans, Pirnie & Burdick* (*Hugh R. Jones* and *Philip L. Evans* of counsel), for Willis V. Daugherty and others, plaintiffs.

*Louis J. Lefkowitz, Attorney-General* (*Edwin R. Oberwager* of counsel), plaintiff, *pro se.*

*John C. Crary, Jr.,* for State University of New York, plaintiff.

*Richard A. Frye, County Attorney (William J. Halpin* of counsel), for defendants.

Del Vecchio, J.   This controversy, by which the parties seek a declaratory judgment based on a statement of agreed facts, is before this court for determination in the first instance by virtue of CPLR 3222 (subd. [b], par. 3).

Mohawk Valley Community College is a community college established under article 126 of the Education Law by its local sponsor, the County of Oneida.   In 1961 subdivision 6 of section 6305[1] of the Education Law set forth three methods of disbursement of the sponsor's contribution to the college's operating expenses and vested in the " local legislative body or board, or other appropriate governing agency " of the sponsor the power to select which method would be used.   On May 10, 1961 the Board of Supervisors of the County of Oneida adopted Resolution No. 108 by which the third alternative, known as " Plan C ", was chosen as the method to be used in the case of Mohawk Valley.   Under this plan, appropriations for maintenance of the college were to be paid to the college's board of trustees for expenditure by the trustees.

Thereafter, by Local Law No. 3 of 1961, the Board of Supervisors adopted a Charter for the County of Oneida, subject to approval by public referendum at the general election to be held November 7, 1961.   Included in the charter (which was subsequently ratified by the voters) was a provision expressly repealing Resolution No. 108 of May 10, 1961.   (§ 2201.)

Plaintiffs in this action include the trustees of Mohawk Valley Community College, the State University of New York and the Attorney-General.   It is their contention that the purported revocation of Resolution No. 108 was ineffective and that the selection made by the resolution, not otherwise revoked, remains in effect.

There is no dispute that, having selected a plan for payment of the county's contribution to the college's operating expenses, the Board of Supervisors could thereafter repeal that selection and make another choice as authorized by subdivision 6 of section 6305 of the Education Law.   To bring about such a repeal however the board was required to follow its usual legislative procedure and arrive at a considered judgment culminating in final, effective action.   This it did not do.   By incorporating an attempted rescission of Resolution No. 108 in the proposed

1. Now Education Law, § 6304, subd. 6.

county charter it conditioned the effectiveness of its action upon agreement and approval by the voters. But subdivision 6 of section 6305 of the Education Law vested the power to select a payment program in the "local legislative body or board", not in the general public. The choice of plans should have been made in accordance with the board's regular procedure, unfettered by additional requirements of public approval.

The fact that the proposed charter may have been adopted by the board pursuant to its usual voting procedure and that it was thereafter ratified by the voters at the referendum does not justify disregarding the fact that approval by the voters was required for the board's action to become effective. The propriety of the procedure followed should not turn on whether the voters ultimately approved or disapproved the charter.

We therefore conclude that the attempted repeal of Resolution No. 108 by section 2201 of the Oneida County Charter was ineffective and void. The parties having stipulated that said resolution "has never been modified or repealed" except by the charter provision, it is the judgment of this court that it is still in effect.

A second provision of the charter has also given rise to a dispute between the parties to the present litigation. Section 2004 provided in part that the power to appoint members of the college board of trustees, then residing in the Board of Supervisors, should be transferred to and exercised by the County Executive, subject to confirmation by the Board of Supervisors, after January 1, 1963.[2]

Plaintiffs contend that the appointive power could not be so transferred in view of subdivision 1 of section 6306 of the Education Law, which confers the power to designate five members of the college board upon "the local legislative body or board, or other appropriate governing agency" of the sponsor.

Clearly, the County Executive of Oneida County does not come within the phrase quoted above, which contemplates that the appointive power shall reside, in the first instance, in the legislative body of the local sponsor or, in the case of a sponsor without a legislative body such as a school district, in the governing agency, viz., the school board.

We think, however, that the transfer of such appointive power to the County Executive was expressly authorized by paragraph a of subdivision 4 of section 323 and paragraph b of

2. A similar provision is contained in the charters of Erie and Onondaga Counties. (Erie County Charter, § 1607; Onondaga County Charter, § 1903.)

subdivision 3 of section 324 of the County Law, as they existed at the time of the enactment of the Oneida County Charter. These sections were a part of article 6-A, known as the County Charter Law, which was enacted by the Legislature in 1959 to implement section 2 of article IX of the New York State Constitution, authorizing the Legislature to provide alternative forms of government for counties, except counties included wholly within a city.[3]

Paragraph a of subdivision 4 of section 323 of the County Law provided that a county charter enacted pursuant to the County Charter Law might " [a]ssign executive or administrative functions, powers and duties to elective or appointive officers ". Paragraph b of subdivision 3 of section 324, titled " Limitations and restrictions ", set forth limitations on county charters imposed by the Legislature and included the following: " 3. Except in accordance with laws enacted by the legislature, a county charter or charter law shall not supersede any general or special provision of law enacted by the legislature:  *  *  * b. Insofar as it relates to the educational system in the county or to school districts therein, *except that functions, powers or duties assigned to units of local government or to agencies or officers thereof outside the education system may be transferred to other units of local government, agencies or officers as authorized by this article* ".  (Emphasis supplied.)

We think that the language italicized above created a limited exception to the ban against county charter provisions which would supersede State legislation in the field of education, and that it was express authority for the transfer of the Board of Supervisors' power to appoint community college trustees to the Oneida County Executive, subject to confirmation by the board.  The transfer of the appointive power (which in effect superseded the provision of subdivision 1 of section 6306 of the Education Law) falls precisely within the exception quoted above.  Although the power of appointment related to education, it was a power " assigned to units of local government or to agencies or officers thereof outside the education system ", for there can be no question that the Board of Supervisors, as local legislative body of the community college sponsor, fits this

3. Article 6-A has since been repealed and replaced by the Municipal Home Rule Law which also replaced various provisons relating to home rule and local laws contained in other laws of the State, effective January 1, 1964.  The Municipal Home Rule Law implements the Local Governments Article of the New York State Constitution (art. IX), which was amended, effective January 1, 1964.

description. It is also clear that the transfer to the County Executive was a transfer " to other units of local government, agencies or officers " who was an " elective or appointive officer " within the meaning of paragraph a of subdivision 4 of section 323, so that the transfer was unquestionably " as authorized by this article ", viz., by paragraph a of subdivision 4 of section 323.

It may be observed that the exception which is the basis of our decision existed in the County Charter Law and makes the case of *People ex rel. Elkind* v. *Rosenblum* (184 Misc. 916, affd. 269 App. Div. 859, affd. 295 N. Y. 929) which dealt with other statutory provisions, inapplicable. It may also be noted that paragraph c of subdivision 1 of section 11 of the Municipal Home Rule Law, in effect since January 1 of this year, contains a restriction " [n]otwithstanding any provision of this chapter " against the enactment of any local law which supersedes a State law, if such local law " [a]pplies to or affects the maintenance, support or administration of the educational system in such local government ". No such absolute prohibition was applicable to county charters adopted under former article 6-A of the County Law. Our decision in this case is limited to action taken under the statute as it then existed, and has no implications for the Municipal Home Rule Law.

Judgment should be entered declaring that Resolution No. 108 adopted by the Oneida County Board of Supervisors on May 10, 1961 has not been repealed by section 2201 of the Oneida County Charter and is still in effect, and that section 2004 of the Oneida County Charter, which transfers to the County Executive the power to appoint trustees of the Mohawk Valley Community College, subject to confirmation by the Board of Supervisors, which power formerly resided in the Board of Supervisors, is valid and effective. No controversy has been presented by the parties concerning the continued power of the Board of Supervisors to make selections of methods for disbursement of the county's contribution to the college under subdivision 6 of section 6304 of the Education Law.

BASTOW, J. P., GOLDMAN, HENRY and NOONAN, JJ., concur.

Submitted controversy determined in favor of plaintiffs, without costs, in accordance with the opinion.