OPINION OF THE COURT

Per Curiam.

Judgment affirmed, with costs. Facile categorization of taxable transactions as "voluntary” or "involuntary” does not progress the analysis. Even property taxes and income taxes involve voluntary acts—the decision to own property or to earn, rather than to forego, income.
Retroactivity provisions in tax statutes, if for a short period, are generally valid, but the constitutional analysis must involve a balancing of equities. Arbitrariness in a tax statute, it has been held, deprives taxpayers of property without due process of law (People ex rel. Best & Co. v Graves, 265 NY *935 431, 436). Although a close question is presented, the apparent absence of a persuasive reason for retroactivity, with its potentially harsh effects, offends constitutional limits, especially when the tax imposed is one which might exert significant influence on personal or business transactions (cf. Welch v Henry, 305 US 134, 147, and cases cited, reh den 305 US 675; People ex rel. Best & Co. v Graves, 265 NY 431, 436, supra). Also somewhat influential, but hardly determinative, is the lapse of an entire legislative session before the apparent "error” was corrected (cf. Welch v Henry, 305 US 134, 150-151, supra).
Reference (inaccurately) to the new, higher, tax rate in the instruction booklet for the 1972 fiduciary income tax return does not help the Tax Commission. At best, the instructions provided potential taxpayers with notice to look to the statutes, which imposed no increase. The legislative error, if that it was, could be corrected only by further legislation, not by self-serving publication in an instruction booklet.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Judgment affirmed.