■ In the Matter of BOYNTON SUITES, L. L. C., Appellant, v BOARD OF ASSESSMENT REVIEW OF THE CITY OF PLATTSBURGH et al., Respondents. [711 NYS2d 266] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Lahtinen, J.), entered August 13, 1999 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to Real Property Tax Law article 7, to review a determination of respondent Board of Assessment Review of the City of Plattsburgh which denied petitioner's request for an exemption pursuant to RPTL 485-e.

In January 1995, petitioner became the contract vendee of certain real property, located within an economic development zone, in the City of Plattsburgh, Clinton County. In early February 1995, the Common Council of respondent City of Plattsburgh and the Plattsburgh City School District adopted resolutions "opting in" to the real property tax exemption authorized under RPTL 485-e for properties located within economic development zones. At the same time, the Clinton County Legislature enacted Local Law No. 1 for the same purpose. Petitioner subsequently filed an application seeking the exemption.

Between mid-March 1995 and mid-April 1995, however, the aforementioned municipal entities passed resolutions and a local law rescinding the original resolutions and repealing Local Law No. 1 retroactive to their dates of passage, effectively "opting out" of the real property tax exemption provided under RPTL 485-e. As a result, petitioner's property was included on the City of Plattsburgh's 1995 assessment roll. In May 1995, petitioner filed a complaint challenging the assessment as excessive on the ground that it should have been granted an exemption under RPTL 485-e. Following the denial of the complaint, petitioner commenced this proceeding pursuant to RPTL

article 7 against respondents. Upon concluding that the retro-active repeal of the exemption was not illegal, Supreme Court dismissed the petition resulting in this appeal.

Initially, petitioner argues that the municipal entities exceeded their authority by repealing their earlier resolutions and Local Law No. 1 adopting the exemption absent specific legislation enabling them to "opt out" of the exemption once they had "opted in". We find that argument unpersuasive. RPTL 485-e (1) (a) provides, in pertinent part, that: "Real property constructed, altered, installed or improved in an area designated an economic development zone * * * shall be exempt from taxation * * * by any municipal corporation in which located * * * provided that the governing board of such municipal corporation, after public hearing, adopts a local law, ordinance or resolution providing therefor." By its express terms, the statute gives municipalities the option of choosing to implement a tax exemption in economic development areas. Once they have exercised that option, the statute does not preclude them from withdrawing the exemption by appropriate action.

In *Matter of Wright v Town Bd.* (169 AD2d 190, 193, *lv denied* 79 NY2d 751), we noted that "local governments have the authority to adopt, amend, change or supersede laws so long as the 'new' legislation is not inconsistent with the provisions of the Constitution or any general law". In that case, the Town of Ticonderoga enacted a local law "opting in" to the proportional adjustment of the veteran's exemption under RPTL 458; however, it later passed a local law repealing it. The petitioner argued that because RPTL 458 (5) (a) permitted local authorities only to adopt laws, the passage of the local law repealing the original local law was inconsistent with the statute. We held that inasmuch as the subsequent local law "neither prohibits that which State law permits nor permits that which State law forbids", there was no inconsistency (*id.*, at 193). Applying the same reasoning to the instant case, we find that the municipal entities acted wholly within their authority in "opting out" of the exemption provided under RPTL 485-e.

Petitioner further contends that the retroactive repeal of the exemption was unconstitutional. Under the particular circumstances presented herein, we disagree. We note that "[r]etroactivity provisions in tax statutes, if for a short period, are generally valid" (*Matter of Replan Dev. v Department of Hous. Preservation & Dev.*, 70 NY2d 451, 455, *appeal dismissed* 485 US 950). They "ordinarily are upheld against due process challenges, unless in light of 'the nature of the tax and the circum-

stances in which it is laid', the retroactivity of the law is 'so harsh and oppressive as to transgress the constitutional limitation' " (*id.*, at 455, quoting *Welch v Henry*, 305 US 134, 147). "Whether the retroactive application of a tax statute is 'harsh and oppressive' is a 'question of degree' " (*id.*, at 456, quoting *People ex rel. Beck v Graves*, 280 NY 405, 409), "requiring a 'balancing of [the] equities' " (*id.*, at 456, quoting *Clarendon Trust v State Tax Commn.*, 43 NY2d 933, 934, *cert denied* 439 US 831).

In the case at hand, the period of retroactivity was relatively short spanning no more than a couple of months from the time the exemption was initially adopted. Notably, the record does not indicate that petitioner relied upon the exemption in acquiring and making improvements to the property. Petitioner entered into a contract to construct a building on the property in December 1994 and obtained a foundation permit on December 16, 1994, at which time it commenced clearing the land. It obtained a building permit on January 19, 1995 at which time it began erecting the building. However, the municipal entities did not "opt in" to the exemption until early February 1995 and petitioner did not apply for it until February 27, 1995. Under all the circumstances, we cannot say that the retroactive application of the repeal of the exemption was harsh and oppressive. We have considered petitioner's remaining contentions and find them unavailing. Therefore, we conclude that Supreme Court properly dismissed the petition.

Mercure, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.