Samuel L. Drayo, Jr., Esq. Informal Opinion Village Attorney No. 2002-19 Village of Fredonia 31 W. Main Street P.O. Box 345 Fredonia, New York 14063
Dear Mr. Drayo:
You have requested an opinion on whether, after adopting a resolution requiring that the county board of elections conduct village elections, pursuant to Election Law § 15-104(1)(c), a village may subsequently resume the conduct of its elections. We believe that a village is authorized, after adopting an appropriate resolution, to resume conducting its elections.
The relevant provision of the Election Law is found in Article 15, pertaining to village elections:
The board of trustees of a village may adopt a resolution, subject to a permissive referendum as provided in article nine of the village law, providing that village elections shall be conducted by the board of elections.
Election Law § 15-104(1)(c). A village is therefore clearly authorized to transfer the conduct of its elections to the county board of elections; the board of elections must conduct the village's elections upon the adoption of such a resolution by the village board of trustees, and any referendum on petition. Id.
("Upon approval of such a resolution . . . the county board of elections shall conduct all village elections . . . ." (emphasis added)).
The question, then, is whether a village is authorized to resume conducting its elections after deciding to have the county board of elections conduct them. We believe that it is, and that such authority is a dimension of its power to repeal legislation.
The grant of authority to enact local legislation includes the authority to repeal that legislation, unless that power is restricted. See Stetter v. Town Bd., 6 A.D.2d 1006 (4th Dep't 1974) (power to enact necessarily implies power to repeal) (quoting Farrington v. Pinckney, 1 N.Y.2d 74 (1956)); Daugherty v.County of Oneida, 22 A.D.2d 111 (4th Dep't 1964) (having made one choice under specific statutory authority, county board of trustees could repeal resolution making selection and make another choice); Op. Atty. Gen. (Inf.) No. 81-28. See also Statute of Local Governments § 10(1) (local governments are authorized to adopt, amend, and repeal resolutions in the exercise of functions, powers, and duties); see generally Farrington v. Pinckney,1 N.Y.2d 74, 82 (1956).
In its specific grant of authority to village boards of trustees to adopt a resolution transferring the conduct of elections to the county board of elections, the Legislature did not restrict the board's repeal of that resolution. In BoyntonSuites v. Board of Assessment Review of Plattsburgh, 274 A.D.2d 926
(3d Dep't 2000), the court specifically addressed the issue of whether express authority to repeal a resolution was necessary when the resolution was enacted pursuant to specific statutory authority. In that case, the common council of the city of Plattsburgh adopted a resolution by which the city "opted in" to a real property tax exemption authorized by state statute. The city subsequently passed a resolution rescinding the original resolution. In its decision, the court rejected the argument that the city exceeded its authority by repealing the original resolution in the absence of explicit authority to do so; the court stated,
 [o]nce [the city] ha[s] exercised that option [to enact local legislation], the statute does not preclude [it] from withdrawing the exemption by appropriate action. . . . "[L]ocal governments have the authority to adopt, amend, change or supersede laws so long as the `new' legislation is not inconsistent with the provisions of the Constitution or any general law."
Id. at 927 (quoting Wright v. Town Bd., 169 A.D.2d 190, 193 (3d Dep't 1991), appeal denied, 79 N.Y.2d 751 (1991)).
We believe that this analysis applies to the instant inquiry: the Legislature granted to villages the power to decide that the county board of elections will conduct the village elections. See
Election Law § 15-104(1)(c). The Legislature placed no limitations in Election Law § 15-104(1)(c) on a village board of trustees' general power to repeal the board's previous action. Repeal by resolution is appropriate because enactment by resolution is authorized. Cf. Paradis v. Town of Schroeppel,289 A.D.2d 1027 (4th Dep't 2001), rearg. denied, ___ A.D.2d ___,742 N.Y.S.2d 592 (App.Div. 4th Dep't 2002) (existing legislation must be amended or repealed by same procedure used to enact it); NaftalAssocs. v. Town of Brookhaven, 221 A.D.2d 423 (2d Dep't 1995) (same); see also Op. Atty. Gen. (Inf.) No. 91-40 (salaries of town board members established by resolution may be reduced by resolution). We believe that the authority to reclaim those elections by enacting a resolution repealing the resolution by which conduct of the elections is transferred was inherent in the power granted by Election Law § 15-104(1)(c). We are not aware of any provision of the Constitution or of general law with which the repeal of the resolution would be inconsistent. Accordingly, we conclude that it lies within a village's power to repeal by resolution the resolution by which it transferred the conduct of its elections to the board of elections, and thus reclaim the conduct of its own elections.
We also believe that repeal of the resolution by resolution would not be subject to either permissive or mandatory referendum. The resolution providing that the village elections will be conducted by the board of elections is subject to permissive referendum conducted as provided in Village Law §§ 9-900 to 9-916. Election Law § 15-104(1)(c). The principle that a referendum held by local government must be authorized by State law is well established. See, e.g., Op. Atty. Gen. (Inf.) No. 99-9. As we have concluded in prior opinions, the fact that the Legislature has provided that enactment of local legislation is subject to permissive referendum does not necessitate that the repeal of that resolution also be by referendum. See Op. Atty. Gen. (Inf.) No. 85-15 (repeal of local law authorizing county participation in regional off-track betting corporation not subject to referendum although enactment was subject to referendum on petition). Rather, a municipality must still be authorized by state law to conduct a referendum for a repealing resolution. Id. We find no statutory authority for submitting the repealing resolution, if adopted, to a mandatory or permissive referendum. See Municipal Home Rule Law §§ 23, 24; Village Law §§ 9-900 — 9-916; Election Law § 15-104.
We note that although Municipal Home Rule Law § 23(2)(e) requires a mandatory referendum if a local law changes the method of nominating or electing an elective officer, which repeal of the resolution arguably does,[1] the home rule definition of "local law" expressly excludes a resolution. Municipal Home Rule Law § 2(9). We have previously found that municipal action authorized by a specific state statute need not be by local law subject to mandatory referendum, although the same action would be subject to enactment by local law and mandatory referendum if the statutory authority relied upon was the Municipal Home Rule Law. Op. Atty. Gen. (Inf.) No. 93-28 (abolition of town position by resolution authorized by Town Law; mandatory referendum pursuant to Municipal Home Rule Law § 23 not required); Op. Atty. Gen. (Inf.) No. 86-64 (abolition of civil service commission not subject to mandatory referendum if creation of commission was pursuant to Civil Service Law); Op. Atty. Gen. (Inf.) No. 82-71 (reduction in salary adopted by resolution as authorized by Village Law not subject to mandatory referendum although it would be if salary had been adopted by local law under Municipal Home Rule Law). This principle is established by case law as well. SeeBiffer v. City of Saratoga Springs, 279 A.D.2d 749, 751 (3d Dep't 2001) (mandatory referendum pursuant to Municipal Home Rule Law §23 not required when transfer of city department was pursuant to resolution rather than local law); Brittain v. Village ofLiverpool, 172 Misc.2d 201, 210 (Sup.Ct. 1997) (abolition of powers of elective officer not subject to mandatory referendum pursuant to Municipal Home Rule Law § 23 when action taken by other than local law). Because we are of the opinion that the repeal by resolution is authorized by Election Law § 15-104(1)(c), we need not reach the issue of whether, if conducted by local law, repeal would constitute an action subject to the referendum requirements of Municipal Home Rule Law § 23.
We therefore conclude that the village may regain conduct of its elections by repealing by resolution the resolution transferring conduct of the elections to the county board of elections. Repeal of the resolution by resolution is not subject to mandatory or permissive referendum.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
KATHRYN SHEINGOLD, Assistant Solicitor General in Charge of Opinions
[1] If a village conducts its own elections, the provisions of Article 15 of the Election Law, relating to village elections, apply, and only those provisions of the remainder of the Election Law that are consistent with Article 15 also apply. Election Law §15-100. If a village adopts a resolution requiring the board of elections to conduct the village's elections, however, then the provisions of Article 15 apply only to the extent these provisions are not inconsistent with the remaining provisions of the Election Law. Id. Both (1) the manner and times for making nominations and (2) proceedings relating to absentee voting are matters to which different provisions would apply depending on whether a resolution transferring conduct of the election was adopted. Id.