Peters, J.
Appeals (1) (upon remittal from the Court of Appeals) from a judgment of the Supreme Court (Canfield, J), entered October 13, 1999 in Albany County, which, inter alia, in a combined proceeding pursuant to CPLR article 78 and action for a declaratory judgment, declared Tax Law §§ 301 and 301-a to be facially constitutional, and (2) from a judgment of said court, entered June 19, 2002 in Albany County, which, inter alia, granted respondent’s motion for partial summary judgment.
The relevant facts underlying this proceeding have been presented in our prior opinion and in the recent decision of the Court of Appeals (283 AD2d 78 [2001], revd 99 NY2d 443 [2003]). Briefly stated, in June 1998, petitioner Moran Towing Corporation commenced a combined declaratory judgment action and CPLR article 78 proceeding to overturn a decision of the Department of Taxation and Finance which denied its request for a petroleum business tax (hereinafter PBT) refund premised on the ground that Tax Law § 301 (a) (1) (ii) and § 301-a (b) (2) and (c) (1) (B) violated the Commerce Clause (US Const, art I, § 8 [3]). In November 1998, petitioners Eklof Marine Corporation and its subsidiaries, along with petitioner Reinauer Transportation Companies, Inc. and its successor in interest (hereinafter collectively referred to as petitioners), successfully intervened and joined in these claims.
Supreme Court found the PBT to be constitutional and denied the request for refunds due to a failure to exhaust administrative remedies. While both Moran and petitioners appealed, Moran withdrew its appeal to pursue its administrative remedies. This Court found the challenged sections of the PBT to be facially unconstitutional (283 AD2d 78, 81-83 [2001], supra) and the Court of Appeals dismissed the appeal sha sponte due to the lack of a final judgment (96 NY2d 937 [2001]). Respondent returned to Supreme Court seeking dismissal of all remaining *723 claims and a final judgment consistent with this Court’s findings. Petitioners cross-moved for summary judgment seeking a refund for amounts paid from 1984 to 1996, along with counsel fees pursuant to 42 USC § 1988.
Supreme Court granted respondent’s motion and declared the operative sections of the Tax Law to be unconstitutional. Petitioners’ requested relief was denied. Although petitioners appealed from that determination, the Court of Appeals, in the interim, reversed this Court’s determination that the relevant sections of the PBT were facially unconstitutional (99 NY2d 443, 445 [2003]) and remitted the matter (id. at 451). Petitioners and respondent then agreed to join the appeal with the remittal; they acknowledge that the pivotal issue is whether the retroactive application of the PBT violated due process and, if so, whether refunds or counsel fees are due.
Tax Law §§ 301 and 301-a (b) (2) and (c) (1) (B) were amended in 1997 in response to Matter of Tug Buster Bouchard Corp. v Wetzler (217 AD2d 192 [1996], affd 89 NY2d 830 [1996]). There, Tax Law § 301 (a) (1) (ii) was found to be facially discriminatory and in violation of interstate commerce because if another state were to enact a similar statute, an entity that purchased petroleum in that state for consumption in New York would be subject to double taxation (see Matter of Tug Buster Bouchard Corp. v Wetzler, supra at 196). Additional sections were, therefore, added to Tax Law article 13-A to clarify and cure this constitutional defect; they provided credits, refunds and reimbursements to entities which were subjected to multiple taxation (see L 1997, ch 389, part A, §§ 151-158, 219). Therein it was specified that Tax Law § 301 (c) was to be retroactively applied to 1984 whereas the amendment to Tax Law § 301-a was to be retroactively applied to 1990 (see L 1997, ch 389, part A, § 219). Other than excepting recreational motorboats and commercial fishing vessels from their scope, the amended laws taxed petroleum businesses that bring petroleum into New York in their fuel tanks either for their own consumption or for shipments made to points within the state; they did not affect the way in which the taxes were to be computed (see L 1997, ch 389, part A, §§ 151-158). It is against this backdrop that we assess whether such retroactive application is violative of due process.*
The retroactivity provisions of a tax statute will generally be upheld if they are imposed for a short period (see Matter of Replan Dev. v Department of Hous. Preserv. & Dev. of City of *724 N.Y., 70 NY2d 451, 455 [1987], appeal dismissed 485 US 950 [1988]; Matter of Boynton Suites v Board of Assessment Review of City of Plattsburgh, 274 AD2d 926, 927 [2000]). The issue thus distills to whether “ ‘the retroactivity of the law is “so harsh and oppressive as to transgress the constitutional limitation” ’ ” (Matter of Boynton Suites v Board of Assessment Review of City of Plattsburgh, supra at 928, quoting Matter of Replan Dev. v Department of Hous. Preserv. & Dev. of City of N.Y., supra at 455, quoting Welch v Henry, 305 US 134, 147 [1938]). Notably, when legislation is curative, retroactivity may be liberally construed (see United States v Carlton, 512 US 26 [1994]). The determination is a matter of degree “ ‘requiring a “balancing of [the] equities” ’ ” (Matter of Boynton Suites v Board of Assessment Review of City of Plattsburgh, supra at 928, quoting Matter of Replan Dev. v Department of Hous. Preserv. & Dev. of City of N.Y., supra at 456, quoting Clarendon Trust v State Tax Commn., 43 NY2d 933, 934 [1978], cert denied 439 US 831 [1978]), including a consideration of the reasonableness of a taxpayer’s reliance on the prior law and whether such reliance was justified (see Matter of Replan Dev. v Department of Hous. Preserv. & Dev. of City of N.Y., supra at 456). The reasonableness that a taxpayer will “ ‘secure repose from the taxation of transactions which have, in all probability, been long forgotten’ ” (id. at 456, quoting Matter of Neuner v Weyant, 63 AD2d 290, 302 [1978]) will be tempered by not only the length of the retroactive period but also its “public purpose” (Matter of Replan Dev. v Department of Hous. Preserv. & Dev. of City of N.Y., supra at 456). The modern view recognizes these underlying policy considerations (see Matter of Hodes v Axelrod, 70 NY2d 364, 371 [1987]), heightening flexibility when an amendment to a tax statute is implemented in response to a federal constitutional infraction (see Harper v Virginia Dept. of Taxation, 509 US 86, 100 [1993]; see also McKesson Corp. v Division of Alcoholic Beverages & Tobacco, 496 US 18, 40 [1990]). Due process will, however, require that taxpayers be afforded a meaningful opportunity to secure either pre or postdeprivation remedies (see McKesson Corp. v Division of Alcoholic Beverages & Tobacco, supra at 36; see also Matter of Brault v New York State Tax Appeals Trib., 265 AD2d 700, 701-702 [1999]).
Here, we find that the 1997 amendments to Tax Law article 13-A cured the lack of internal consistency identified in Matter of Tug Buster Bouchard Corp. v Wetzler (217 AD2d 192 [1996], supra). Their retroactivity served to eradicate the discrimination and, in compliance with due process concerns, “create in hindsight a nondiscriminatory scheme” (McKesson Corp. v Division of Alcoholic Beverages & Tobacco, supra at 40). “Having *725 done so, the State may retain the tax appropriately levied upon petitioner pursuant to this reformulated scheme because this retention would deprive petitioner of its property pursuant to a tax scheme that is valid under the Commerce Clause” (id. at 40 [emphasis in original]). Hence, by mating the refunds retroactively available, New York has provided “ ‘ “meaningful backward-looting relief to rectify any unconstitutional deprivation” ’ ” (Matter of Brault v New York State Tax Appeals Trib., supra at 701, quoting Harper v Virginia Dept. of Taxation, supra at 101, quoting McKesson Corp. v Division of Alcoholic Beverages & Tobacco, supra at 31); the fact that petitioners were not eligible for these refunds does not undermine their purpose.
Finally, addressing the facial constitutional challenge to this statute (see Tennessee Gas Pipeline Co. v Urbach, 269 AD2d 19, 21 [2000], revd on other grounds 96 NY2d 124 [2001]), we find that petitioners have failed to sustain their burden of demonstrating that the retroactivity provisions are “ ‘ “so harsh and oppressive as to transgress the constitutional limitation” ’ ” (Matter of Boynton Suites v Board of Assessment Review of City of Plattsburgh, 274 AD2d 926, 928 [2000], supra, quoting Matter of Replan Dev. v Department of Hous. Preserv. & Dev. of City of N.Y, 70 NY2d 451, 455 [1987], supra, quoting Welch v Henry, 305 US 134, 147 [1938], supra). Further, we find that the postdeprivation procedures to rectify the unconstitutional privation were adequate (see McKesson Corp. v Division of Alcoholic Beverages & Tobacco, supra at 36-37; see also Tully v Griffin, Inc., 429 US 68, 75 [1976]). Accordingly, petitioners’ CPLR article 78 proceeding must be dismissed. With no successful claim under 42 USC § 1983, there is no entitlement to counsel fees under 42 USC § 1988.
Her cure, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgments are affirmed, without costs.

We reject respondent’s assertion that petitioners abandoned this claim.