| US Bank N.A. v Gordon |
|:---:|
| 2025 NY Slip Op 30145(U) |
| January 13, 2025 |
| Supreme Court, Queens County |
| Docket Number: Index No. 709001/2017 |
| Judge: Joseph J. Esposito |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SHORT FORM ORDER

NEW YORK SUPREME COURT - QUEENS COUNTY

Present: Honorable Joseph J. Esposito          PART 17
                    Justice

**FILED**
**1/16/2025**
COUNTY CLERK
QUEENS COUNTY

-----------------------------------------------------------------------X

US BANK NATIONAL ASSOCIATION, as Trustee for
Bear Stearns Asset Backed Securities I Trust 2006-IM1,
Asset-Backed Certificates, Series 2006-IM1,

                                        Plaintiff,

        -against-

STEVE GORDON, ASHIA GORDON, MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.,
As nominees for ENCORE CREDIT CORP., et al,

                                        Defendant.

-----------------------------------------------------------------------X

Index No. 709001/2017

Motion Date: 09/25/2024

Motion Seq. No.: 6

The following numbered papers read on this motion by the Gordon defendants for an Order: (1) pursuant to the Foreclosure Abuse Prevention At L 2022, ch 821 10 [eff. Dec. 30, 2022]), CPLR 2221(e), and/or under the Court's inherent powers and/or in the interest of substantial justice pursuant to CPLR 5015, vacating the Order entered April 23, 2018, and substituting therefor an Order and/or judgment dismissing all causes of action set forth in the underlying Complaint as time-barred and directing the Queens County Clerk to cancel and discharge the underlying mortgage of record pursuant to RPAPL 1501(4); (2) granting defendants' request for an award of attorneys' fees and expenses pursuant to RPAPL 282(1); and (3) such other and further relief that this Court may deem just and proper.

Papers Numbered

| | |
|---|---|
| Notice of Motion – Affirmation – Exhibits | EF 208-215 |
| Affirmation in Opposition– Exhibits | EF 217-226 |
| Reply Affirmation | EF 228 |

On November 3, 2005, borrowers obtained a loan in the amount of $326,400.00 from Encore Credit Corp d/b/a ECC Encore Credit, memorialized by a promissory note and secured by a mortgage on the real property located at 121-65 236th Street, Rosedale, New York. The loan thereafter was transferred to plaintiff. Borrowers defaulted in their repayment of the loan, which is presently due for July 1, 2011. Prior to this action, plaintiff commenced an earlier action on or about June 19, 2009 which was not prosecuted to judgment and ultimately dismissed by the Court for plaintiff's failure to timely move for an Order of Reference. After the dismissal, plaintiff took action to revoke any acceleration of the Loan by sending a letter to the borrowers dated February

1

[* 1]

25, 2015, that states that the prior acceleration was revoked with the loan returning to installment status. In an affidavit submitted earlier in the subject action, borrowers acknowledged received of the notice in an affidavit. This action was later commenced on June 29, 2017 to which the borrowers file a pre-answer motion to dismiss which was ultimately denied by Justice Salvatore J. Modica's in an Order dated April 23, 2018. Defendants now move to renew their motion pursuant to the change in the law.

A party may appropriately seek relief from a prior order based on a change in the law by a motion to renew (*see* CPLR 2221[e][2]; *Opalinski v City of New York*, 205 AD3d 917, 919, 168 N.Y.S.3d 116 [2d Dept 2022]; *Dinallo v DAL Elec.*, 60 AD3d 620, 621, 874 N.Y.S.2d 246 [2d Dept 2009]). The Gordon defendants argue that the Foreclosure Abuse Prevention Act (L 2022, ch 821) (FAPA) amended various statutes, which would change the outcome of the April 23, 2018 order.

Defendants rely on FAPA's amendments to the CPLR, which added subdivision [h] to CPLR 203 and subdivision [e] to CPLR 3217. Both amended statutes refer to CPLR 213 [4], which requires commencement within six years of "an action upon a bond or note, the payment of which is secured by a mortgage upon real property, or upon a bond or note and mortgage so secured, or upon a mortgage of real property, or any interest therein." CPLR 203[h] provides that "[o]nce an action upon an instrument described in subdivision four of section two hundred thirteen of this article has accrued, no party may, in form or effect, unilaterally waive, postpone, cancel, toll, revive or reset the accrual thereof, or otherwise purport to effect a unilateral extension of the limitations period prescribed by law to commence an action and to interpose the claim, unless expressly prescribed by statute. CPLR 3217[e] provides that "[i]n any action on an instrument described under subdivision four of section two hundred thirteen of this chapter, the voluntary discontinuance of such action, whether on motion, order, stipulation or by notice, shall not, in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim, unless expressly prescribed by statute". Gordon defendants maintain that these amended statutes apply retroactively and encompass the instant action because §10 of FAPA provides that "[t]his act shall take effect immediately and shall apply to all actions commenced on an instrument described under subdivision four of section two hundred thirteen of the civil practice law and rules in which a final judgment of foreclosure and sale has not been enforced" (*see HSBC Bank USA, N.A. v Francis*, 214 AD3d 58, 64, 185 N.Y.S.3d 173 n [2d Dept 2023]). Defendants maintain that they are entitled to dismissal of this action, with prejudice, as time-barred because the underlying mortgage was originally accelerated on June 18, 2009. Defendants assert that neither the language of the May 2006 Form 3033 Mortgage nor the law permitted plaintiff to reset the statute of limitations period anew by deaccelerating the subject November 2005 Loan. Defendants contend that the instant action was filed on June 29, 2017, more than six years after acceleration which is after the expiration of the limitations period to sue, therefore requiring dismissal.

In opposition, plaintiff argues that FAPA does not apply retroactively and would not affect plaintiff's action. Generally, statutory amendments have prospective effect unless its language indicates a contrary interpretation (*see People v Galindo*, 38 NY3d 199, 207, 171 N.Y.S.3d 865, 191 N.E.3d 1136 [2022]; *Matter of Gleason (Michael Vee, Ltd)*, 96 NY2d 117, 122, 749 N.E.2d 724, 726 N.Y.S.2d 45 [2001]; *Matter of Thomas v Bethlehem Steel Corp.*, 63 NY2d 150, 154, 470

2

[* 2]

N.E.2d 831, 481 N.Y.S.2d 33 [1984]). Plaintiff contends that §10 of FAPA does not provide it is to be applied retroactively. Although plaintiff correctly argues that a provision that a statute is to take effect immediately, without more, is insufficient to establish it is to be applied retroactively (*see Gottwald v Sebert*, NY3d , 2023 NY Slip Op 03183 *7 [2023]; *Majewski v Broadalbin-Perth Cent. Sch. Dist.*, 91 N.Y.2d 577, 583-84, 696 N.E.2d 978, 673 N.Y.S.2d 966 [1998]; *Marrero v Crystal Nails*, 114 AD3d 101. 113, 978 N.Y.S.2d 257 [2d Dept 2013]), here, §10 further provides that FAPA applies to all mortgage foreclosure actions "in which a final judgment of foreclosure and sale has not been enforced." This language evinced an intent for FAPA to reach all mortgage foreclosure actions in which the judgments had not been enforced irrespective of whether they were commenced before or after the date FAPA was enacted (*see Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal*, 35 NY3d 332, 374, 130 N.Y.S.3d 759, 154 N.E.3d 972 [2020]). Although plaintiff contends that an "even clearer expression of legislative intent" to retroactively apply statutes is required, that standard applies to statutes that revive time-barred claims (*Matter of Regina Metro. Co., LLC*, 35 NY3d at 371; *see 35 Park Ave. Corp. v Campagna*, 48 NY2d 813, 815, 399 N.E.2d 1144, 424 N.Y.S.2d 123 [1979]). The converse situation is involved here as FAPA may extinguish actions as time-barred that had been viable due to judicial interpretation of the laws applicable to mortgage foreclosure actions. Therefore, heightened clarity of the Legislature's intent need not be found here. Given the Legislature's clear indication that FAPA is to be applied retroactively, plaintiff's reliance on cases holding that procedural statutes are to be applied prospectively absent a clear Legislative directive to the contrary is misplaced (*see Simonson v International Bank*, 14 NY2d 281, 200 N.E.2d 427, 251 N.Y.S.2d 433 [1964]; *Wade v Byung Yang Kim*, 250 AD2d 323, 325-326, 681 N.Y.S.2d 355 [2d Dept 1998]; *Auger v State of New York*, 236 AD2d 177, 179-80, 666 N.Y.S.2d 760 [3d Dept 1997]).

In addition, "[a]meliorative or remedial legislation . . . should be given retroactive effect in order to effectuate its beneficial purpose" (*Matter of Marino S.*, 100 NY2d 361, 370-71, 795 N.E.2d 21, 763 N.Y.S.2d 796 [2003]; *Matter of Gleason (Michael Vee, Ltd.)*, 96 NY2d at 122). In the legislative materials, the legislature found that "an ongoing problem with abuses of the judicial foreclosure process and lenders' attempts to manipulate statutes of limitation . . . exacerbated by recent court decisions which, contrary to the intent of the legislature, have given mortgage lenders and loan servicers opportunities to avoid strict compliance with remedial statutes and manipulate statutes of limitation to their advantage" (Assembly Mem in Support of 2022 Assembly Bill A7737 enacted as L 2022, ch 821). FAPA's purpose was "to clarify the meaning of existing statutes, and to rectify these erroneous judicial interpretations thereof" (*Id.*). To accomplish these objectives, FAPA amended-certain statutes and rules to clarify the existing law and overturn certain court decisions to ensure the laws of this state apply equally to all litigants, including those currently involved in mortgage foreclosure actions, in order to ensure that parties purporting to sue on mortgage debt are bound by the same statutes of limitations that bind all other litigants" (*Id.*). Thus, retroactive application of FAPA is further supported by its legislative history indicating its purpose to clarify the law (*see Matter of Gleason (Michael Vee, Ltd.)*, 96 NY2d at 122-23; *Town of Cortlandt v New York State Bd. of Real Prop. Servs.*, 36 AD3d 823, 826, 830 N.Y.S.2d 189 [2d Dept 2007]), particularly to remediate "unintended judicial interpretation" (*Matter of Gleason (Michael Vee, Ltd.)*, 96 NY2d at 122; *see Brothers v Florence*, 95 NY2d 290, 299-300, 739 N.E.2d 733, 716 N.Y.S.2d 367 [2000]), its remedial nature (*see Mailer of Hynson (American Motors Sales Corp.-Chrysler Corp.)*, 164 AD2d 41, 48, 561 N.Y.S.2d 589 [2d Dept 1990]), and the urgency of

3

[* 3]

its application (*see Matter of Gleason (Michael Vee, Ltd.)*, 96 NY2d at 122; *Brothers*, 95 NY2d at 299; *cf Marrero v Crystal Nails*, 114 AD3d 101, 112-13, 978 N.Y.S.2d 257 [2d Dept 2013]). Further, inasmuch as the Legislature enacted FAPA to remediate court decisions misconstruing law applicable to mortgage foreclosure actions, which impacted such actions commenced prior to FAPA's enactment, to give prospective application to FAPA would undermine its remedial purpose (*see Brothers*, 95 NY2d at 300; *Matter of OnBank & Trust Co.*, 90 NY2d 725, 731-32, 688 N.E.2d 245, 665 N.Y.S.2d 389 [1997]; *Nelson v HSBC Bank USA*, 87 AD3d 995, 998, 929 N.Y.S.2d 259 [2d Dept 2011]).

The court rejects plaintiff's arguments that the legislative materials were equivocal regarding the Legislature's intent for FAPA to apply retroactively and that they spoke only to stopping past practices. This court's conclusion that FAPA is expressly retroactive renders academic plaintiff's arguments regarding the legal standard for determining whether a statute is intended to have a retroactive effect when the intent is unclear, as well as whether the presumption against retroactive effect is triggered.

Plaintiff also contends that retroactive application of FAPA violates the Contracts Clause of the United States Constitution, which provides that "[n]o State shall . . . pass any . . . Law impairing the Obligation of Contracts" (US Const art 1, § 10, cl 2; *American Economy Ins. Co. v State of New York*, 30 NY3d 136, 149, 65 N.Y.S.3d 94, 87 N.E.3d 126 [2017]; *Matter of Raynor v Landmark Chrysler*, 18 NY3d 48, 58-59, 959 N.E.2d 1011, 936 N.Y.S.2d 63 [2011]; *Consumers Union of U.S., Inc. v State*, 5 NY3d 327, 359, 840 N.E.2d 68, 806 N.Y.S.2d 99 [2005]). Specifically. plaintiff argues that retroactive application of FAPA would unconstitutionally impair its contractual and legal rights by rendering its mortgage interest unenforceable. The language in the Contract Clause should not be read literally as the states retain power to protect their peoples' vital interests (*see Home Bldg. & Loan Assn. v Blaisdell*, 290 U.S. 398, 434, 54 S. Ct. 231, 78 L. Ed. 413 [1934]; *American Economy Ins. Co.*, 30 NY3d at 149). Whether the state law has substantially impaired a contractual relationship is the threshold issue (*see American Economy Ins. Co.*, 30 NY3d at 150; *19th St. Assoc. v State of New York*, 79 NY2d 434, 442-43, 593 N.E.2d 265, 583 N.Y.S.2d 811 [1992]). Here, plaintiff fails to point to any contract affected by retroactive application of FAPA. Even assuming that the mortgage, note or both are the contract upon which plaintiff relies, plaintiff identifies no provision impacted by prohibiting extension of an applicable statute of limitations after the mortgage foreclosure action has accrued or precluding voluntary discontinuance from having that effect (*see generally American Economy Ins. Co.*, 30 NY3d at 150; *Matter of City of Yonkers v Yonkers Fire Fighters. Local 628, IAFF, AFL-CIO*, 20 NY3d 651, 658, 988 N.E.2d 481, 965 N.Y.S.2d 746 [2013]).

Plaintiff's request that the pre-FAPA right to revoke acceleration of the mortgage created by case law (*see Freedom Mtge. Corp.*, 31 NY3d at 31-32) should be read into its contract further illustrates the absence of a contract upon which to base its Contract Clause argument. Generally, state laws are implied into private contracts without the parties' consent when they affect the contract's validity, construction or enforcement (*see General Motors Corp. v Romein*, 503 US 181, 189, 112 S. Ct. 1105, 117 L. Ed. 2d 328 [1992]; *Home Bldg. & Loan Assn.*, 290 US at 429-30; *American Economy Ins. Co.*, 30 NY3d at 154). Thus, the Contract Clause may prohibit impairment of obligations in pre-existing contracts through amendment of laws making the contracts legally enforceable even absent alteration of the contract terms (*see General Motors*

4

[* 4]

*Corp.*, 503 US at 189; *American Economy Ins. Co.*, 30 NY3d at 154). Again, assuming that the note or mortgage constitute the contract, the right to revoke acceleration plaintiff seeks to have read into the contract does not affect the ability to enforce its terms (*see General Motors Corp.*, 503 US at 190; *American Economy Ins. Co.*, 30 NY3d at 154). Moreover, reading this provision into the contract directly contradicts the Legislature's stated purpose to "rectify erroneous judicial interpretations" and "overturn certain court decisions" and would effectively prevent the Legislature from amending the statutes relating to mortgage foreclosure actions (*see General Motors Corp.*, 503 US at 190; *American Economy Ins. Co.*, 30 NY3d at 154). Since plaintiff has not shown that FAPA's amendments impair any contract, determination of whether the impairment is substantial or justified by significant public purpose is unnecessary (*see American Economy Ins. Co.*, 30 NY3d at 153), and there is no need to address plaintiff's arguments on that score. Plaintiff's failure to identify the contract allegedly impaired by FAPA constitutes a failure to demonstrate a Contract Clause violation (*see American Economy Ins. Co.*, 30 NY3d at 154).

Plaintiff next contends that FAPA's retroactive application violates due process as it would impair plaintiff's vested interest in foreclosing the mortgage by prohibiting discontinuance of the action commenced by plaintiff's predecessor from resetting accrual of the applicable limitations period and effectively extinguishing plaintiff's action as time barred. The Legislature's acts possess a strong presumption of constitutionality (*see White v Cuomo*, 38 NY3d 209, 216, 172 N.Y.S.3d 373, 192 N.E.3d 300 [2022]; *American Economy Ins. Co.*, 30 NY3d at 149; *Matter of County of Chemung v Shah*, 28 NY3d 244, 262-63, 44 N.Y.S.3d 326, 66 N.E.3d 1044 [2016]; *Overstock.com, Inc. v New York State Dept. of Taxation & Fin.*, 20 NY3d 586, 593, 987 N.E.2d 621, 965 N.Y.S.2d 61 [2013]). A party challenging the act must demonstrate its invalidity beyond a reasonable doubt (*see White*, 38 NY3d at 216; *American Economy Ins. Co.*, 30 NY3d at 149; *Matter of County of Chemung*, 28 NY3d at 262; *Overstock.com, Inc.*, 20 NY3d at 593). To satisfy due process for retroactive application of a new statute, it must be supported by "a legitimate legislative purpose furthered by rational means" (*Matter of Regina Metro. Co., LLC*, 35 NY3d at 375 *quoting American Economy Ins. Co.*, 30 NY3d at 157-58). A persuasive rationale for the possibly harsh impacts of retroactivity must also exist (*see Matter of Regina Metro. Co., LLC*, 35 NY3d at 375; *Holly S. Clarendon Trust v State Tax Commn.*, 43 NY2d 933, 935, 374 N.E.2d 1242, 403 N.Y.S.2d 891 [1978]).

"Generally, there are two types of retroactive statutes that courts have found to be constitutional: those employing brief, defined periods that function in an administrative manner to assist in effectuating the legislation, and statutory retroactivity that — even if more substantial — is integral to the fundamental aim of the legislation" (*Matter of Regina Metro., Co., LLC*, 35 NY3d at 376). The instant action falls under the second category. Thus, "[i]n cases where retroactivity is integral to full achievement of the fundamental purpose of the legislation, a rational basis for the retroactive effect may be readily identifiable" (*Matter of Regina Metro. Co., LLC*, 35 NY3d at 378). Here, a legitimate legislative purpose supports retroactive application of FAPA in that the legislative materials identify an "ongoing problem" and that the legislation's purpose is to "clarify the meaning of existing statutes, and to rectify these erroneous judicial interpretations thereof" (Assembly Mem in Support of 2022 Assembly Bill A7737 enacted as L 2022, ch 821). Further, they provide that the "gravity of the aforementioned problem, and the legislature's determination to remedy same, is illustrated by the determination of the legislature in passing this bill to apply to all actions governed by CPLR 213 (4) in which a final judgment of foreclosure and sale has not

5

[* 5]

yet been enforced" (*Id.*). The amendment of CPLR 3217 responds to *Freedom Mtge. Corp.* (37 NY3d 1) and "will restore longstanding law that made it clear that lenders' discontinuance of a foreclosure action that accelerated a mortgage loan does not serve to reset the statute of limitations" (Assembly Mem in Support of 2022 Assembly Bill A7737 enacted as L 2022, ch 821). The Legislature justified FAPA noting that "[a]s a direct result of the aforementioned judicial decisions, thousands of New York homeowners who secured closure of their cases by operation of longstanding statute of limitations principles are at risk of an onslaught of successive foreclosure actions that would otherwise be barred by the statute of limitations under longstanding statutory and case law" (*Id.*). Thus, retroactive application of FAPA restores the intended repose afforded by the applicable statute of limitations, which the Legislature has made clear should be enforced as it had always intended. The Legislature's subsequent advisement to the court of its intent regarding a previous enactment is entitled to "very great weight" (*Caprio v New York State Dept. of Taxation & Fin.*, 25 NY3d 744, 755, 16 N.Y.S.3d 204, 37 N.E.3d 707 [2015]; *Matter of Chatlos v McGoldrick*, 302 NY 380, 388, 98 N.E.2d 567 [1951]).

Since these stated objectives would not be met and FAPA's remedial purpose would fail if the statute's application were limited to actions commenced on or after the date of its enactment, retroactive application of FAPA is supported by a rational legislative purpose (*see generally American Economy Ins. Co.*, 30 NY3d at 158-59; *Caprio*, 25 NY3d at 758; *Matter of Raynor*, 18 NY3d at 59). FAPA's aim "to thwart and eliminate abusive and unlawful litigation tactics that have been adopted and pursued in mortgage foreclosure actions to manipulate the law and judiciary to yield to expediency and the convenience of mortgage banking and servicing institutions at the expense of finality and repose that statutes of limitation are meant to ensure" and the Legislature's finding that the continuation of time-barred foreclosure actions "will cause the loss of countless homes and will burden the Courts" (Assembly Mem in. Support of 2022 Assembly Bill A7737 enacted as L 2022, ch 821) furnish a persuasive rationale for impacts of dismissed claims.

Contrary to plaintiff's argument, despite a lack of empirical evidence supporting the Legislature's conclusion of widespread abuse of the law prior to FAPA's enactment in mortgage foreclosure actions, a strong presumption exists that the Legislature investigated and discovered facts supporting the legislation (*see White*, 38 NY3d at 217). Even if the legislative materials referred to above were somehow insufficient, the court must assume the existence of factual support for the legislation (*see id.*).

Finally, plaintiff contends that FAPA's retroactive application violates the Takings Clause of the Fifth and Fourteenth Amendments, which "prevents the Legislature (and other government actors) from depriving private persons of vested property rights except for a 'public use' and upon payment of 'just compensation" (*Landgraf v USI Film Products*, 511 US 244, 266, 114 S. Ct. 1483, 128 L. Ed. 2d 229 [1994]; *see American Economy Ins. Co.*, 30 NY3d at 155; *James Sq. Assoc. LP v Mullen*, 21 NY3d 233. 247, 993 N.E.2d 374, 970 N.Y.S.2d 888 [2013]). The threshold inquiry is whether a vested property interest has been identified (*see American Economy Ins. Co.*, 30 NY3d at 155). Plaintiff bases its Takings Clause claim on a contractual right to de-accelerate the mortgage but has not shown that such right is a vested property right. Thus, plaintiff fails to identify "any vested property interest impaired by the legislative amendment" necessary to sustain a Takings Clause claim (*American Economy Inc. Co.*, 30 NY3d at 155).

[* 6]

As addressed above, FAPA is to be applied retroactively and is not constitutionally infirm. Thus, its amendment of relevant statutes furnishes a sufficient basis for renewal (*see Dinallo v DAL Elec.*, 60 AD3d at 621). Since the February 25, 2015 Notice "did not in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim," (CPLR 3217[e]; *ARCPE I, LLC v Debrosse*, AD3d , 2023 NY Slip Op 03498 *1 [2d Dept 2023]; *GMAT Legal Title Trust 2014-1 v Kator*, 213 AD3d 915, 184 N.Y.S.3d 805 [2d Dept 2023]), the acceleration of the mortgage in the action commenced June 19, 2009 was not effectively revoked. Thus, this action commenced June 29, 2017, is time-barred (*see* CPLR 213[4]; *ARCPE 1, LLC*, 2023 NY Slip Op 03498 *1; *MTGLQ Investors, L.P. v Singh*, 216 A.D.3d 1087, 190 N.Y.S.3d 415, 2023 NY Slip Op 02779 *2 [2d Dept 2023]).

Accordingly, it is **ORDERED** that Gordon defendants' motion to renew its motion to dismiss is granted. Upon renewal, the court vacates its prior order entered April 23, 2018, and denies plaintiff's motion for summary judgment and appointment of a referee. Upon searching the record, plaintiff's action is dismissed as time barred.

The foregoing constitutes the decision and order of this court.

Dated: January 13_, 2025

_____

JOSEPH J. ESPOSITO, J.S.C.

**FILED**

**1/16/2025**

**COUNTY CLERK**
**QUEENS COUNTY**

7

[* 7]