■ ANGELA TORRIERO, Individually and as Mother and Natural Guardian of DONNIE TORRIERO, an Infant, Appellant, v AUSTIN TRUCK RENTAL, INC., et al., Respondents.—Resettled order, Supreme Court, Bronx County (Jack Turret, J.), entered July 8, 1987, which granted defendants-respondents' motion for a change of venue, unanimously reversed, on the law, and the motion denied, without costs.

This personal injury action arising out of an automobile accident in Nassau County was commenced by plaintiff-appellant in Bronx County where appellant Angela Torriero claimed to reside. Defendants-respondents challenged this claim and moved, pursuant to CPLR 510, for a change of venue to Nassau County. In support of their motion, respondents cited the fact that, when the accident occurred, appellant had a New Jersey driver's license and that a New Jersey address was given for her in the police report of the accident. Appellant contended that she had obtained a driver's license for the first time during a period when she was briefly separated from her husband and living with a cousin in New Jersey. Income tax returns, employment, banking, and hospital records all indicating that appellant resided at a Bronx address both before and after the accident were submitted in opposition to the motion.

Supreme Court granted respondents' motion without deciding the issue of appellant's residence. Indeed, the court

deemed that her residence "is not the controlling factor herein" and that the place where this transitory action arose was the decisive factor. This was clearly incorrect.

The CPLR provides that, except where otherwise prescribed by law, an action is to be tried "in the county in which one of the parties resided when it was commenced" (CPLR 503 [a]). The court may, upon motion, order a change of venue where it is shown that the county chosen by the plaintiff is not a proper county, or that an impartial trial cannot be had in the proper county, or that the convenience of material witnesses and the ends of justice will be promoted by the change.

The cases cited by Supreme Court for the proposition that venue in a transitory action should lie where the cause of action arose, all other things being equal, are ones in which the motion for change of venue was premised on the convenience of the material witnesses (see, Thomas v Small, 121 AD2d 622 [2d Dept 1986]; Katz v Goodyear Tire & Rubber Co., 116 AD2d 506 [1st Dept 1986]). However, in the instant case, as the court itself noted, neither of the parties argued in their moving papers that the convenience of material witnesses required a change of venue. Consequently, the only issue was whether the Bronx County venue was proper because one of the parties, appellant, resided there. As there was no finding that appellant's choice of venue was improper, and as no other grounds for change of venue were asserted, the court erred in granting the motion. Concur—Murphy, P. J., Sandler, Asch, Kassal and Rosenberger, JJ.