■ WESTINGHOUSE ELECTRIC CORPORATION, Appellant, v NUTTALL GEAR CORPORATION, Respondent.—Order, Supreme Court, New York County (Eugene Nardelli, J.), entered March 15, 1988, which granted defendant's motion for a change of venue from New York County to Niagara County, is unanimously reversed, on the law, on the facts, and, in the exercise of discretion, and the motion is denied, without costs.

In November 1986, Westinghouse Electric Corporation (plaintiff) commenced, in the Supreme Court, New York County, an action against the Nuttall Gear Corporation (defendant) for injunctive relief and damages. The complaint alleges that, in substance, defendant wrongfully misappropriated plaintiff's trade secrets and proprietary information, which concerns the manufacture of certain gear units used in New York City subway cars.

While plaintiff is a Pennsylvania corporation, it is authorized to do business in New York State, and in its application for a certificate of authority to do business, it designated New York County as its county of residence. Defendant is a Delaware corporation, and its principal place of business is located in Niagara Falls, New York.

Shortly after the joinder of issue, defendant moved, pursuant to CPLR 510 (3), to change the venue to Niagara County. The IAS court granted defendant's motion.

Recently, we held in *Torriero v Austin Truck Rental* (143 AD2d 595 [1st Dept 1988]) that a court is only justified in granting a motion, pursuant to CPLR 510, to change venue when the movant meritoriously establishes that it has met the statutory requirements for such relief.

CPLR 510 provides that a court, upon motion, may change the venue

"of an action where:

"1. the county designated for that purpose is not a proper county; or

"2. there is reason to believe that an impartial trial cannot be had in the proper county; or

"3. the convenience of material witnesses and the ends of justice will be promoted by the change."

Herein, as mentioned *supra,* defendant is relying upon subdivision (3) of CPLR 510.

Our review of the record indicates that defendant has not satisfied the requirements of CPLR 510 *(Torriero v Austin Truck Rental, supra)* to justify a change of venue to Niagara County, since it has not meritoriously indicated that "the convenience of material witnesses and the ends of justice will be promoted by the change" (CPLR 510 [3]). None of the nonparty witnesses, which defendant lists as material, resides in Niagara County, and, the courts of this State have repeatedly stated that a court, when deciding an issue of the convenience of witnesses, may not take into account the convenience of those witnesses who reside outside the proposed county of venue *(Cole v Lawas,* 97 AD2d 912, 913 [1983]; *Lundgren v Lovejoy, Wasson, Lundgren & Ashton,* 82 AD2d 912 [1981]; *Slavin v Whispell,* 5 AD2d 296, 298 [1st Dept 1958]). Furthermore, defendant has not persuasively indicated to us that it will suffer any substantial hardship in defending this action in New York County.

Based upon our analysis *supra,* we find that the IAS court abused its discretion in changing venue.

Accordingly, we reverse and deny the motion.

We have considered the other points raised on appeal, and find them to be without merit. Concur—Kupferman, J. P., Ross, Kassal, Rosenberger and Smith, JJ.