◼ STACEY COLES, an Infant, by His Legal Guardian, FRANCIS COLES, et al., Appellants, v LAGUARDIA MEDICAL GROUP,

P. C., et al., Respondents.—Order of the Supreme Court, Bronx County (Barry Salman, J.), entered on or about July 5, 1989, which, *inter alia,* granted defendants' motion and three cross motions for a change of venue from Bronx County to Queens County, unanimously reversed, on the law, and the motions for change of venue denied, without costs.

Venue was properly laid in Bronx County based upon the residence of defendant Beverly Sheppard *(see, Torriero v Austin Truck Rental,* 143 AD2d 595). Defendant LaGuardia Medical Group relied on the situs of the alleged malpractice and residence of various unnamed witnesses (presumably the parties themselves) to support its application for change of venue (CPLR 510 [3]). However, it has been repeatedly stated that the convenience of the parties or their employees will not be considered in determining a motion for change of venue pursuant to CPLR 510 (3). While the place where an action arose is a significant factor in a transitory action such as this, the motion must be supported by a statement which specifies the witnesses affected, the nature of their testimony and the inconvenience which they would sustain if required to testify in the county of original venue *(Moghazeh v Valdes-Rodriguez,* 151 AD2d 428, 429; *Firoozan v Key Food Supermarket,* 151 AD2d 334; *Torriero v Austin Truck Rental, supra).* The moving papers are devoid of the requisite statement, and defendants have therefore failed to sustain their burden of establishing inconvenience to a material witness. Concur—Asch, J. P., Kassal, Rubin and Smith, JJ.