■ NESE PIPITONE et al., Respondents, v JULIAN ZWEIG et al., Appellants, et al., Defendants.—Order of the Supreme Court, New York County (Helen Freedman, J.), entered November 7, 1988, which, *inter alia,* granted plaintiffs' motion for consolidation and change of venue, unanimously affirmed, without costs.

For five years, plaintiff Nese Pipitone's doctors allegedly misdiagnosed a problem with her right-hand ring finger. Afterwards, she was diagnosed as having epitheloid sarcoma, a life-threatening form of cancer. In December 1987, plaintiff underwent right forequarter amputation which removed her right shoulder, arm and hand from her neck to the rib cage.

Suit was commenced in Nassau County, situs of plaintiffs' residence. Three years later, plaintiff changed legal counsel, and a second action was instituted in New York County against various other defendants. Shortly thereafter, plaintiff moved to consolidate the actions, to change venue in action No. 1 to New York County and to amend the caption. The motion was granted and defendants Zweig and Parkway appeal.

The consolidation was proper. Both actions seek damages for the same injury. Both allege misdiagnosis, incorrect treatment and negligence. All the defendant doctors involved are alleged to have acted in a similar incorrect manner, treating the finger problem as a lesion instead of as a cancerous condition.

The change of venue was also correct. The convenience of all material witnesses dictates New York County as the proper venue. All the defendants and nonparty witnesses in the second action work in that county. Similarly, apart from her brief period of treatment in Nassau and Queens, all of plaintiff Nese Pipitone's remaining treatment was rendered in New York County *(see, Westinghouse Elec. Corp. v Nuttall Gear Corp.,* 147 AD2d 405; *Morales v Muccio,* 145 AD2d 340).

Moreover, while the first action was properly commenced in Nassau (situs of plaintiffs' residence), moving that action to New York County would hardly inconvenience the defendants in that action, all of whom work in Queens County, which is contiguous to both Nassau and New York Counties. Concur—Murphy, P. J., Kupferman, Asch, Wallach and Rubin, JJ.