OPINION OF THE COURT
 

 Ciparick, J.
 

 In
 
 Matter of Solkav Solartechnik, G.m.b.H. (Besicorp Group)
 
 (91 NY2d 482), we held that when a pre-arbitration special proceeding ends in a final judgment, a new proceeding must be commenced to confirm an arbitration award, and we invited
 
 *120
 
 the Legislature to amend CPLR 7502 (a) if it intended otherwise. The Legislature responded promptly with CPLR 7502 (a) (iii), which provides that: “Notwithstanding the entry of judgment, all subsequent applications shall be made by motion in the special proceeding or action in which the first application was made.” This appeal presents the issue of how to treat an application to confirm an arbitration award that was dismissed for failure to commence a new proceeding in the interval between
 
 Solartechnik
 
 and the amendment to CPLR 7502 (a). We conclude that the amendment should be applied retroactively and the order of the Appellate Division dismissing the petition reversed.
 

 The underlying dispute arises from respondents’ 1994 sale of a Saratoga County restaurant to petitioners. In connection with the sale, respondents agreed not to engage in a competing restaurant business within five miles of their former place of business for a period of five years. The agreement also provided that all disputes arising out of the transaction would be resolved by arbitration and that the prevailing party would be entitled to attorneys’ fees. Approximately one year after the sale, respondents Esther and Michael Viggiani informed petitioners that they intended to accept employment at a nearby restaurant, the Lodge, and provided assurances that the business was dissimilar, in terms of menu, dress code and price, to their former enterprise. The parties, however, failed to agree on the applicability of the covenant not to compete and respondents began working at the Lodge.
 

 In August 1995, petitioners commenced a special proceeding in Supreme Court seeking to enjoin respondents from further employment at the Lodge pending arbitration of their dispute. By order dated August 23, 1995, Supreme Court denied petitioners’ request for injunctive relief and the matter proceeded to arbitration. On April 13, 1998, after winning compensatory damages and attorneys’ fees at arbitration, petitioners moved in Supreme Court for an order confirming the arbitration award with moving papers bearing the same index number as that used in the 1995 proceeding for injunctive relief. On May 15, 1998, three days after
 
 Solartechnik,
 
 respondents cross-moved, under the same index number, for an order vacating the arbitration award.
 

 In August 1998, respondents sent a letter to Supreme Court citing
 
 Solartechnik
 
 and requesting dismissal of the application to confirm the arbitration award. Supreme Court denied respondents’ request and confirmed the award. The Appellate
 
 *121
 
 Division reversed and dismissed the application in April 2000, prior to enactment of CPLR 7502 (a) (iii).
 
 *
 
 We granted leave to appeal and now reverse.
 

 In
 
 Solartechnik,
 
 we construed CPLR 7502 (a), in order to determine whether an application to confirm an arbitration award could be brought under the same index number as a pre-arbitration proceeding that resulted in a final judgment. Reading CPLR 7502 (a) to permit a confirmation application only within a pending proceeding or a pending action, we concluded that a new proceeding had to be commenced when a pre-arbitration proceeding ended with entry of final judgment because the pre-arbitration proceeding was no longer pending. We further noted that the Legislature might wish to amend CPLR 7502 (a) if it intended that all matters relating to a particular arbitration be treated as a single, ongoing proceeding.
 

 Legislative reaction was swift. At the next session, the Assembly introduced a bill to amend CPLR 7502 (a) to require that all applications relating to an arbitration be brought within a single action or proceeding (1999 NY Assembly Bill A 5937). The Sponsor’s Memorandum noted that the original purpose of CPLR 7502 (a) was “to ensure that all applications concerning an arbitration [be] presented in the same case” and that the
 
 Solartechnik
 
 holding would “add[] costs and also present [ ] the opportunity to bring a second proceeding before a different judge, or even in a different county” (Mem of Assembly Member Mark S. Weprin, A 5937). In the words of the Sponsor, the “Court of Appeals recognizes this situation and has invited remedial legislation”
 
 (id.).
 

 The bill passed both Houses
 
 of
 
 the Legislature but
 
 not
 
 before the inclusion of language that would have exempted certain automobile accident arbitrations from the “one proceeding” requirement (1999 NY Senate-Assembly Bill S 3071A, A 5937A). The Governor vetoed the bill, disapproving the special exemption. However, in his Veto Message the Governor noted his agreement “with the sponsors that by correcting this technical defect [identified in Solartechnik], the bill furthers the State’s policy of concentrating all arbitration [-] related applications in a single action or proceeding in order to promote judicial economy and prevent forum shopping” (Governor’s
 
 *122
 
 Veto Mem No. 7, 1999 NY Legis Ann, at 394). In doing so, the Governor stressed that the bill “would clarify” what the statute intended all along — “that all applications to a court pertaining to an arbitration shall be made within the same action or proceeding”
 
 (id.; see also,
 
 Mem of Assembly Member Mark S. Weprin, A 5937,
 
 supra). A
 
 new bill, without the exemption, was passed and signed into law on August 16, 2000 (L 2000, ch 226, NY Senate-Assembly Bill S 6672-D, A 9631-D [enacted]). The amendment, enacted to “address the problems of
 
 [Solartechnik],”
 
 took immediate effect
 
 (see,
 
 Mem of Senator Dean G. Skelos, S 6672-D).
 

 This amendment, making subsequent arbitration-related applications within a prior pre-arbitration proceeding not only permissible but also mandatory, came weeks after the Appellate Division dismissed petitioners’ application. Petitioners argue that the amendment should be applied retroactively. We agree.
 

 In determining whether a statute should be given retroactive effect, we have recognized two axioms of statutory interpretation. Amendments are presumed to have prospective application unless the Legislature’s preference for retroactivity is explicitly stated or clearly indicated
 
 (see, People v Oliver,
 
 1 NY2d 152, 157). However, remedial legislation should be given retroactive effect in order to effectuate its beneficial purpose
 
 (see, Majewski v Broadalbin-Perth Cent. School Dist.,
 
 91 NY2d 577;
 
 Becker v Huss Co.,
 
 43 NY2d 527, 540). Other factors in the retroactivity analysis include whether the Legislature has made a specific pronouncement about retroactive effect or conveyed a sense of urgency; whether the statute was designed to rewrite an unintended judicial interpretation; and whether the enactment itself reaffirms a legislative judgment about what the law in question should be
 
 (see e.g., Brothers v Florence,
 
 95 NY2d 290, 299;
 
 Matter of OnBank & Trust Co.,
 
 90 NY2d 725, 730).
 

 In amending CPLR 7502 (a), the Legislature did not state that it was to have retroactive effect. However, in two respects it conveyed a sense of immediacy: it acted swiftly after
 
 Solartechnik,
 
 and it directed that the amendment was to take effect immediately, thus evincing “a sense of urgency”
 
 (Brothers v Florence, supra,
 
 95 NY2d, at 299, citing
 
 Majewski v Broadalbin-Perth Cent. School Dist.,
 
 91 NY2d 577, 583). Additionally, the legislative history establishes that the purpose of the amendment was to clarify what the law was always meant to do and say: that all arbitration-related applications
 
 *123
 
 should be concentrated in a single proceeding or action, to promote judicial economy and prevent forum shopping. These factors together persuade us that the remedial purpose of the amendment should be effectuated through retroactive application
 
 (see, Matter of OnBank & Trust Co., supra,
 
 90 NY2d, at 731).
 

 Petitioners’ remaining arguments are without merit.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the matter remitted to the Appellate Division for consideration of issues raised but not determined on appeal to that court.
 

 Chief Judge Kaye and Judges Smith, Levine, Wesley and Rosenblatt concur; Judge Graffeo taking no part.
 

 Order reversed, etc.
 

 *
 

 We may consider this previously unraised question of law as to the retroactivity
 
 of
 
 CPLR 7502 (a) (iii), which could not have been raised below as those proceedings predated the amendment
 
 (see, Matter of OnBank & Trust Co.,
 
 90 NY2d 725).