■ MORDECHAI KLEIN et al., Respondents, v JOSEPH M. HERSHKOWITZ, Defendant, and CHARLES HOFFMAN, Appellant. [755 NYS2d 392] —Order, Supreme Court, New York County (Paula Omansky, J.), entered October 3, 2002, which, in a shareholder derivative action involving an alleged improper disbursement of corporate funds by defendant escrow agent to defendant-appellant shareholder, insofar as appealed from, denied defendant shareholder's motion to transfer the action to Supreme Court, Kings County, pursuant to CPLR 7502 (a) (iii), unanimously affirmed, without costs.

Plaintiff alleges that his escrow agreement with defendant shareholder and defendant escrow agent obligated the latter to disburse certain disputed funds in accordance with an arbitration award obtained by the shareholder parties, and that the escrow agent failed to do so. Although the escrow agent disbursed the disputed funds well before the award was confirmed by Kings County Supreme Court, and although the aspect of the award that the escrow agent allegedly failed to follow is patently ambiguous, that aspect of the award was not a subject of controversy in the confirmation proceeding. In effect, plaintiff would have a New York County court interpret an arbitration award that the Kings County confirmation court, had it been presented with a controversy, probably would have remanded to the arbitrator for clarification (CPLR 7511 [d]). However, that the award is highly relevant, even central, to the instant action does not necessarily make this action a "subsequent application" to the confirmation proceeding, such as would require its transfer to Kings County Supreme Court under CPLR 7502 (a) (iii). The instant action is not comparable to any application under CPLR article 75, and only in an indirect sense is plaintiff seeking to enforce the award. Rather, plaintiff seeks to enforce the escrow agreement. The escrow agent was not a party to the arbitration, and, although his

obligations were the subject of controversy in the arbitration, they were not in controversy in the confirmation proceeding. Thus the purpose of CPLR 7502 (a) (iii), to promote judicial economy (*Matter of Gleason [Michael Vee, Ltd.]*, 96 NY2d 117, 122-123 [2001]), would not be advanced by a transfer of this action to the confirmation court. Moreover, a plaintiff's choice of venue, if legally proper, should not be disturbed (*see Torriero v Austin Truck Rental*, 143 AD2d 595, 596 [1988]; *Frey v Fun Tyme Ski Shop*, 163 AD2d 11, 13 [1990]). Concur—Tom, J.P., Buckley, Rosenberger, Williams and Friedman, JJ.