People v Dyshawn B. (2021 NY Slip Op 04487)





People v Dyshawn B.


2021 NY Slip Op 04487


Decided on July 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2019-10622
2019-10624

[*1]The People of the State of New York, respondent,
v
Dyshawn B. (Anonymous), appellant.

(Ind. Nos. 1308/18, 682/19)

Paul Skip Laisure, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill andWilliam H. Branigan of counsel; Deanna Russo on the brief), for respondent.



DECISION & ORDER
Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Lenora Gerald, J.), rendered August 1, 2019, adjudicating him a youthful offender, upon his plea of guilty to robbery in the second degree (two counts) and attempted robbery in the second degree, under Indictment No. 1308/18, and imposing sentence, and (2) a judgment of the same court rendered August 1, 2019, adjudicating him a youthful offender, upon his plea of guilty to robbery in the second degree, robbery in the third degree, and grand larceny in the fourth degree under Indictment No. 682/19, and imposing sentence.
ORDERED that the judgments are modified, on the law, by vacating so much of the sentences as imposed mandatory surcharges and crime victim assistance fees; as so modified, the judgments are affirmed.
In two judgments, the defendant was adjudicated a youthful offender upon his pleas of guilty to robbery in the second degree and other offenses. He asserts that mandatory surcharges and crime victim assistance fees imposed upon him at sentencing should be vacated pursuant to amendments to provisions of the Criminal Procedure Law and Penal Law concerning such surcharges and fees, which were enacted while the instant appeals were pending (see L 2020, ch 144, §§ 1-5). While this Court has granted relief from fees and surcharges under these amendments upon the People's consent (see People v Henry P.-M., ___ AD3d ___ [decided herewith]; People v Johnson, 193 AD3d 1076), here, the People oppose the requested relief, and thus, we are faced with the question of whether, as a matter of law, the amendments apply retroactively.
"[T]wo axioms of statutory interpretation" are relevant in determining whether a statute should be given retroactive effect (Matter of Gleason [Michael Vee, Ltd.], 96 NY2d 117, 122; see Nelson v HSBC Bank USA, 87 AD3d 995, 997). "Amendments are presumed to have prospective application unless the Legislature's preference for retroactivity is explicitly stated or clearly indicated" (Matter of Gleason [Michael Vee, Ltd.], 96 NY2d at 122; see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 584; Matter of OnBank & Trust Co., 90 NY2d 725, 730; People v Duggins, 192 AD3d 191). However, "remedial legislation should be given retroactive effect in order to effectuate its beneficial purpose" (Matter of Gleason [Michael Vee, Ltd.], 96 NY2d [*2]at 122; see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d at 584; Matter of OnBank & Trust Co., 90 NY2d at 730; People v Duggins, 192 AD3d 191). "Remedial statutes are those designed to correct imperfections in prior law, by generally giving relief to the aggrieved party" (Nelson v HSBC Bank USA, 87 AD3d at 998 [internal quotation marks omitted]). While these principles serve as guides, ultimately, the court must attempt to discern the legislative intent either from the particular words used or, barring that, from the nature of the legislation (see Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 370; Brothers v Florence, 95 NY2d 290, 299; Matter of OnBank & Trust Co., 90 NY2d at 730).
Here, the legislation did not include any express directive as to whether the amendments were to be applied retroactively (cf. People v Utsey, 7 NY3d 398, 403). However, the amendments, which repealed the imposition of mandatory surcharges and crime victim assistance fees for youthful offenders (see L 2020, ch 144, §§ 3, 4), and permitted courts to waive such surcharges and fees under certain circumstances for offenders who were under the age of 21 at the time of the offense (see CPL 420.35[2-a]; L 2020, ch 144, § 1), were remedial. The legislative history reveals a legislative judgment that surcharges and fees "function to . . . exacerbate . . . families' financial distress," "incentivize juveniles to engage in illegal behavior to earn money," and impose "devastating" consequences for youth unable to pay the fees, such as "civil judgments that follow them into adulthood, probation violations, additional fees, property liens, and even more periods of incarceration" (New York Committee Report, 2019 NY Assembly Bill No. 5045). Further, the Legislature concluded that the imposition of surcharges and fees had a disparate impact on youth in poverty (see id.).
Elimination and waiver of these surcharges and fees was meant to remedy these negative impacts. Permitting juveniles whose direct appeals were pending when the amendments were enacted to benefit from them would further the legislative purpose of removing unreasonable financial burdens placed on juveniles and enhancing their chances for successful rehabilitation and reintegration. Concomitantly, prospective application would undermine the legislative goals by continuing the recognized inequity created by imposition of the surcharges and fees and leaving youth at risk for future "devastating" consequences should they be unable to pay. Indeed, the Legislature conveyed "a sense of urgency" in correcting these problems by providing that the amendments would take effect immediately (Matter of Gleason [Michael Vee, Ltd.], 96 NY2d at 122; see Brothers v Florence, 95 NY2d at 299; Nelson v HSBC Bank USA, 87 AD3d at 998).
Further, retroactive application of the amendments would not result in unfairness or impair substantive rights (see Becker v Huss Co., 43 NY2d 527, 540-542; see generally Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d at 370). The subject surcharges and fees, which are "nonpunitive," were enacted strictly as a revenue raising measure (People v Guerrero, 12 NY3d 45, 49; see People v Quinones, 95 NY2d 349, 352). The Legislature has weighed countervailing interests and determined that the burdens placed on youth outweigh the State's need for that revenue.
For all of these reasons, we conclude that the amendments were intended to apply retroactively in cases such as these, which were pending on direct appeal on the effective date of the legislation (see Becker v Huss Co., 43 NY2d at 540-542; Nelson v HSBC Bank USA, 87 AD3d 995; People v Sorbello, 285 AD2d 88). Since the amendments repeal the imposition of the mandatory surcharge and crime victim assistance fee on youthful offenders, we modify the judgments here to vacate those surcharges and fees.
As we conclude, contrary to the defendant's contention, that the sentences imposed were not excessive (see People v Suitte, 90 AD2d 80), we otherwise affirm the judgments.
RIVERA, J.P., HINDS-RADIX, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court