Matter of NYP Holdings, Inc. v New York City Police Dept. (2023 NY Slip Op 05193)

Matter of NYP Holdings, Inc. v New York City Police Dept.

2023 NY Slip Op 05193

Decided on October 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 12, 2023

Before: Kapnick, J.P., Oing, Moulton, Higgitt, JJ. 

Index No. 159132/21 Appeal No. 788 Case No. 2023-00242 

[*1]In the Matter of NYP Holdings, Inc., et al., Petitioners-Respondents-Appellants,
v
New York City Police Department et al., Respondents-Appellants-Respondents, Police Benevolent Association of the City of New York, Inc., Intervenor Respondent-Appellant-Respondent.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Diana Lawless of counsel), for municipal appellants-respondents.
Golenbock Eiseman Assor Bell & Peskoe LLP, New York (Matthew C. Daly of counsel), for Police Benevolent Association of the City of New York, Inc., appellant-respondent.
Davis Wright Tremaine LLP, New York (Jeremy A. Chase of counsel), for NYP Holdings, Inc. and Craig McCarthy, respondents-appellants.

Judgment, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about December 7, 2022, insofar as appealed from as limited by the briefs, granting the petition brought pursuant to CPLR article 78 to compel respondents to disclose substantiated and unsubstantiated disciplinary records of the police officers identified in the subject requests pursuant to the Freedom of Information Law (FOIL) (Public Officers Law §§ 84-90), directing the parties to confer to determine a reasonable disclosure schedule, and denying petitioners' request for attorneys' fees and costs, unanimously modified, on the law, to grant petitioners' request for attorneys' fees and costs, and remand the matter for further proceedings consistent with this decision, and otherwise affirmed, without costs.
As is relevant here, former Civil Rights Law § 50-a provided, with limited exceptions, that "[a]ll personnel records [of law enforcement officers] used to evaluate performance toward continued employment or promotion . . . shall be considered confidential and not subject to inspection or review" (Matter of New York Civ. Liberties Union v New York City Police Dept., 32 NY3d 556, 563 [2018]). The legislature repealed Civil Rights Law § 50-a on June 12, 2020 (L 2020, ch 96, § 1), and made several related amendments to FOIL on the same date (L 2020, ch 96, §§ 2-4), stating that all of this legislation including the repeal of section 50-a "shall take effect immediately" (L 2020, ch 96, § 5). The "repeal of Civil Rights Law § 50-a . . . reflected a strong legislative policy promoting transparency of police disciplinary records and eliminated any claim of confidentiality in them" (People v Castellanos, 72 Misc 3d 371, 376 [Sup Ct, Bronx County 2021]).
In this case, the court should have addressed the merits of the arguments raised by intervenor Police Benevolent Association of the City of New York, Inc. (PBA) that the repeal of Civil Rights Law § 50-a did not apply retroactively. The court found that respondents waived those arguments, but section 50-a, prior to its repeal, "create[d] protected rights (for police officers)" (Matter of Patrolmen's Benevolent Assn. of the City of N.Y. v de Blasio, 171 AD3d 636, 636 [1st Dept 2019], lv dismissed 35 NY3d 979 [2020]), which "should not be deemed automatically waived by the inaction of [respondents]" (Matter of Molloy v New York City Police Dept., 50 AD3d 98, 100 [1st Dept 2008]).
Turning to the merits, we hold that the repeal of Civil Rights Law § 50-a applies retroactively to records created prior to June 12, 2020 (see Schenectady Police Benevolent Assn. v City of Schenectady, 2020 WL 7978093, *14, 2020 NY Slip Op 34346[U], **14 [Sup Ct, Schenectady County 2020]). While "the legislature made no express statement in the repeal itself, or in the limited legislative history concerning the same, as to whether the repeal was to be applied retroactively" (Matter of Puig v City of Middletown, 71 Misc 3d 1098, 1108 [Sup Ct, Orange County [*2]2021]), the repeal "went into effect immediately and, by its plain reading and intent, applies to records then existing and not simply to records created at a time subsequent to the enactment of the legislation" (Cooper ex rel. Cooper v New York, 2021 NY Misc LEXIS 5169, *10 [Ct Cl January 26, 2021]). The legislative history clarifies that the legislature "conveyed a sense of urgency" and intended for the legislation to be remedial (see, e.g. Matter of Gleason [Michael Vee, Ltd.], 96 NY2d 117, 122 [2001] [CPLR 7502 (a) to be applied retroactively]).
While the characterization of a statute as remedial is not dispositive, as a general matter, "remedial legislation should be given retroactive effect in order to effectuate its beneficial purpose" (id.; Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 585 [1998]). PBA's position that, given General Construction Law § 93, former Civil Rights Law § 50-a should continue to bar disclosure of police disciplinary records created before June 12, 2020 in response to FOIL requests, would run counter to the clear legislative purpose of providing public access to records that may contain information about actual or alleged police misconduct.
Since petitioner has substantially prevailed and respondents "had no reasonable basis for denying access" (Public Officers Law § 89[4][c][ii]) to most of the records sought for more than one year, we remand the matter to Supreme Court for calculation of attorneys' fees and costs (see Matter of Oustatcher v Clark, 198 AD3d 420, 423 [1st Dept 2021]). While the requests for records pertaining to 144 police officers were certainly voluminous, the lengthy delay before respondents substantively responded to only a small fraction of the requests was unreasonable under the particular circumstances of this case.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 12, 2023