Spiegel v 226 Realty LLC (2024 NY Slip Op 05076)

Spiegel v 226 Realty LLC

2024 NY Slip Op 05076

Decided on October 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 15, 2024

Before: Singh, J.P., Gesmer, González, Mendez, Rodriguez, JJ. 

Index No. 150371/13 Appeal No. 2805 Case No. 2023-03102 

[*1]Michael Spiegel, Plaintiff-Appellant,
v
226 Realty LLC Doing Business as 226 Realty Company LLC, et al., Defendants-Respondents.

Hugo Ortega, New York for appellant.
Ellenoff Grossman & Schole LLP, New York (Jennifer M. Schmalz of counsel), for respondents.

Order, Supreme Court, New York County (James d'Auguste, J.), entered January 10, 2023, which granted defendants' motion for summary judgment dismissing plaintiff's whistleblower claim pursuant to New York Labor Law § 740 and age discrimination claims pursuant to the New York State and City Human Rights Laws (HRLs), unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff states that he made numerous complaints to management at the hotel where he was employed. He complained that the windows lacked safety bars and were left wide open, that a fire exit was blocked by flammable materials, and that the hotel lacked permits for construction work. Plaintiff was later terminated. Because plaintiff failed to prove that an actual violation had occurred, his claim for retaliation would not have withstood summary judgment under the Whistleblower Law in effect at the time (see Webb-Weber v Community Action for Human Servs., Inc., 23 NY3d 448, 452 [2014]). The Whistleblower Law has since been amended in this respect. It now covers activity "that the employee reasonably believes" violates law or poses a danger to the public (Labor Law § 740 [2] [a], as amended by L 2021, Ch 522, § 1). We have not previously determined whether this amendment applies retroactively (see Clendenin v VOA of Am.—Greater N.Y. Inc., 214 AD3d 496, 497 [1st Dept 2023] [observing that the amendment became effective after the plaintiff made his complaints without addressing the unargued issue of retroactive application]).
We now find that the Whistleblower Law has retroactive application because the amendment at issue was remedial in nature (see Callahan v HSBC Sec. [USA] Inc., 2024 WL 1157075, *6, US Dist LEXIS 47106, *17-18 [SD NY, Mar. 18, 2024, No. 22-CV-8621 (JPO)]; Zhang v Centene Mgt. Co., 2023 WL 2969309,*14-16, 2023 US Dist LEXIS 68718, *34-*42 [ED NY, Feb. 2, 2023, No. 21 CV 5313 (DG) (CLP)]; see generally Matter of Gleason [Michael Vee, Ltd.], 96 NY2d 117, 122[2001]; see also e.g. Matter of OnBank & Trust Co., 90 NY2d 725, 730 [1997]). The legislative history makes clear that the amendment was intended to correct a discrepancy created by the courts between Labor Law § 740 and its public employee counterpart, New York Civil Service Law § 75-b, and to ameliorate the restrictive language of the earlier version of Labor Law § 740 (see Zhang, 2023 WL 2969309,*14-16, 2023 US Dist LEXIS 68718, *34-42; Callahan, 2024 WL 1157075, *6, 2024 US Dist LEXIS 47106, *17-18; see also Gleason, 96 NY2d at 122-123; Nelson v HSBC Bank USA, 87 AD3d 995, 998 [2d Dept 2011]). The amendment does not create a new cause of action but "merely lessens the burden for plaintiffs to bring a claim" (Pisano v Reynolds, 2023 NY Slip Op 31741[U], *5 [Sup Ct, NY County 2023]; see People v Allen, 198 AD3d 531, 532 [1st Dept 2021], appeal dismissed, lv dismissed 38 NY3d 996 [2022], appeal dismissed, lv denied 39 NY3d 928 [2022]).
The fact that the amendments to the Whistleblower Law [*2]did not take effect immediately does not preclude us from holding that they are retroactive (L 2021, Ch 522, § 3; compare e.g. Gleason,96 NY2d at 122; but see Gottwald v Sebert, 40 NY3d 240, 259[2023] [immediate effect "is equivocal and is not enough to require application to pending litigation" (internal quotation marks omitted)]). Therefore, we find that this amendment to Labor Law § 740 should be applied retroactively, and Supreme Court should not have granted summary judgment based solely on the lack of proof of an actual violation.
We also find that plaintiff's evidence raises issues of fact on his age discrimination claims against defendants 47th Street Management Co. and Edison Hotel Management Company, thus precluding dismissal of those claims under both the State and City HRLs. Defendants established, prima facie, that plaintiff, a hotel front desk agent, was terminated for the legitimate, nondiscriminatory reason that he engaged in a hostile altercation with the hotel's owner, for which an arbitrator found the hotel had just cause to fire plaintiff. In opposition, plaintiff submitted evidence that the hotel's general manager, who participated in the decision to terminate plaintiff, told front desk managers about a plan to fill front desk positions "with young and attractive individuals," naming as examples two front desk agents in their twenties. The hotel's list of front desk employees hired between 2006 and 2012 shows that plaintiff was the oldest and that the two most recent hires were decades younger.
Plaintiff's evidence that the hotel had twice attempted to terminate him for reasons found by arbitrators to be unsubstantiated, failed to interview him about the incident giving rise to his third termination, and prohibited testimony favorable to him from being offered at his third arbitration, as well as evidence that the arbitrator found plaintiff's grievance to be a close case, could lead a reasonable jury to conclude that defendants' proffered reason for the termination was "false, misleading, or incomplete" (Bennett v Health Mgt. Sys., Inc., 92 AD3d 29, 43 [1st Dept 2011], lv denied 18 NY3d 811 [2012]). Therefore, the evidence supports an inference of age discrimination sufficient to reach a jury (see Krebaum v Capital One, N.A., 138 AD3d 528, 528 [1st Dept 2016]).
Evidence about a "game" during which plaintiff's coworkers, including his supervisor, would "yell out" plaintiff's name when they saw "a guest walking through the lobby who was particularly aged and feeble-looking," and "then erupt in raucous laughter," also raises issues of fact as to plaintiff's discrimination claim under the City HRL by showing that he was "treated differently or less well than other employees" because of his age (Gordon v Bayrock Sapir Org. LLC, 161 AD3d 480, 481 [1st Dept 2018] [internal quotation marks omitted]).
Plaintiff's briefs do not address the individual defendants' liability and do not dispute defendants' argument that 226 Realty LLC [*3]and 228 Hotel Corp. are not proper defendants because they did not own, lease, or operate the hotel. Those arguments are therefore "deemed abandoned" (McHale v Anthony, 41 AD3d 265, 266-267 [1st Dept 2007]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2024