Wells Fargo Bank, N.A. v Salko (2025 NY Slip Op 04743)

Wells Fargo Bank, N.A. v Salko

2025 NY Slip Op 04743

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2024-02926 
2024-02927
 (Index No. 601793/19)

[*1]Wells Fargo Bank, N.A., etc., respondent, 
v
David Salko, etc., et al., appellants, et al., defendant.

Lester Korinman Kamran Masini, P.C., Garden City, NY (Gabriel R. Korinman of counsel), for appellants.
Akerman LLP, New York, NY (Ashley S. Miller and Jordan M. Smith of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants David Salko and Nilsa Salko appeal from (1) an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated January 24, 2024, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered February 6, 2024. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale and denied those branches of those defendants' cross-motion which were for leave to renew those branches of their prior cross-motion which were to deem a notice dated March 13, 2017, purporting to decelerate a previous acceleration of the mortgage debt, invalid and of no force and effect and to dismiss the complaint insofar as asserted against them as time-barred, which had been denied in two orders of the same court, both dated April 13, 2022, and, upon renewal, to dismiss the complaint insofar as asserted against them as time-barred and to reject the referee's report, or, alternatively, to toll interest on equitable grounds. The order and judgment of foreclosure and sale, upon the orders dated April 13, 2022, and upon the order dated January 24, 2024, granted the same relief to the plaintiff and denied the same relief to those defendants as the order dated January 24, 2024, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order dated January 24, 2024, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants David Salko and Nilsa Salko, to strike those defendants' answer and affirmative defenses, and for an order of reference are denied, those branches of those defendants' cross-motion which were to deem the notice dated March 13, 2017, purporting to decelerate a previous acceleration of the mortgage debt, invalid and of no force and effect and to dismiss the complaint insofar as asserted against them as time-barred are granted, those branches of those defendants' cross-motion which were for leave to renew those branches of their prior cross-motion which were to deem the notice dated March 13, 2017, invalid and of no force and effect and to dismiss the complaint insofar as asserted against them as time-barred and, upon renewal, to [*2]dismiss the complaint insofar as asserted against them as time-barred are denied as academic, and the orders dated April 13, 2022, and January 24, 2024, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendants David Salko and Nilsa Salko.
The appeal from the order dated January 24, 2024, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
On March 10, 2005, David Salko (hereinafter David) and Nilsa Salko (hereinafter Nilsa and, together with David, the defendants) executed a note in the sum of $937,500 in favor of ABN AMRO Mortgage Group, Inc. (hereinafter ABN AMRO). The note was secured by a mortgage on residential property located in Huntington.
On May 20, 2011, CitiMortgage, Inc. (hereinafter CitiMortgage), as successor by merger to ABN AMRO, commenced an action against the defendants, among others, to foreclose the mortgage (hereinafter the 2011 action). In an order dated April 18, 2012, the Supreme Court granted David's motion to dismiss the complaint insofar as asserted against him on the ground that he was not properly served with process.
On July 1, 2014, CitiMortgage commenced a second action to foreclose the mortgage against David only (hereinafter the 2014 action). By assignment of mortgage dated May 16, 2016, CitiMortgage assigned the mortgage to the plaintiff, Wells Fargo Bank, N.A.
In March 2017, CitiMortgage moved, inter alia, to discontinue the 2011 action without prejudice, submitting, among other things, a letter to the defendants dated March 13, 2017, advising them of the "deceleration of [their] loan" (hereinafter the deceleration notice). Nilsa cross-moved, inter alia, to condition a discontinuance on an award of counsel fees and for the tolling of mortgage interest from the date of the alleged default, or, alternatively, to deem the deceleration notice invalid and of no force and effect. In an order dated July 19, 2017, the Supreme Court granted CitiMortgage's motion and denied Nilsa's cross-motion. Nilsa appealed from the July 19, 2017 order, but the appeal was dismissed for failure to perfect.
CitiMortgage moved in March 2017, among other things, to discontinue the 2014 action without prejudice. David cross-moved, inter alia, to condition a discontinuance on an award of counsel fees and for the tolling of mortgage interest from the date of the defendants' alleged default, or, alternatively, to deem the deceleration notice invalid and of no force and effect. In an order dated January 16, 2018, the Supreme Court granted CitiMortgage's motion and denied David's cross-motion. The Supreme Court also, sua sponte, revoked the previous acceleration of the mortgage debt and directed that the mortgage loan remain an installment contract. In a subsequent order dated June 14, 2018, the Supreme Court granted the same relief to CitiMortgage and denied the same relief to David as the order dated January 16, 2018. On appeal, this Court, among other things, modified the orders dated January 16, 2018, and June 14, 2018, by deleting the provisions thereof, sua sponte, revoking the previous acceleration of the mortgage debt and directing that the mortgage loan remain an installment contract and otherwise affirmed the orders (see CitiMortgage, Inc. v Salko, 179 AD3d 1009).
On January 25, 2019, the plaintiff commenced this action against the defendants, among others, to foreclose the mortgage. The defendants interposed an answer in which they asserted various affirmative defenses, including that the action was barred by the statute of limitations.
In November 2020, the plaintiff moved, inter alia, for summary judgment on the [*3]complaint insofar as asserted against the defendants, to strike the defendants' answer and affirmative defenses, and for an order of reference. The defendants cross-moved, among other things, to deem the deceleration notice invalid and of no force and effect and to dismiss the complaint insofar as asserted against them as time-barred. In two orders, both dated April 13, 2022, the Supreme Court, inter alia, granted those branches of the plaintiff's motion, denied those branches of the defendants' cross-motion, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
In January 2023, the plaintiff moved, among other things, to confirm the referee's report and for a judgment of foreclosure and sale. The defendants cross-moved, inter alia, for leave to renew those branches of their prior cross-motion which were to deem the deceleration notice invalid and of no force and effect and to dismiss the complaint as time-barred and, upon renewal, to dismiss the complaint insofar as asserted against them as time-barred and to reject the referee's report, or, alternatively, to toll interest on equitable grounds. In support of their cross-motion, the defendants argued, among other things, that renewal was warranted based on a change in the law pursuant to the enactment of the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821 [eff Dec. 30, 2022]) on December 30, 2022, and that, applying FAPA, this action was time-barred. In opposition, the plaintiff argued, inter alia, that FAPA should not be applied retroactively and that, in any event, retroactive application of FAPA was unconstitutional as a violation of the Due Process Clause and the Takings Clause of the United States and New York Constitutions and of the Contracts Clause of the United States Constitution.
In an order dated January 24, 2024, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale and denied those branches of the defendants' cross-motion which were for leave to renew those branches of their prior cross-motion which were to deem the deceleration notice invalid and of no force and effect and to dismiss the complaint insofar as asserted against them as time-barred and, upon renewal, to dismiss the complaint insofar as asserted against them as time-barred and to reject the referee's report, or, alternatively, to toll interest on equitable grounds. In an order and judgment of foreclosure and sale entered February 6, 2024, the court granted the same relief to the plaintiff and denied the same relief to the defendants as the order dated January 24, 2024, confirmed the referee's report, and directed the sale of the property. The defendants appeal.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid and the statute of limitations begins to run on the date each installment becomes due (see US Bank Trust, N.A. v Reizes, 222 AD3d 907, 909; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). However, "even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the [s]tatute of [l]imitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the holder of the note elects in the complaint to call due the entire amount secured by the mortgage (see U.S. Bank NA v Schaer, 223 AD3d 928, 929; Wells Fargo Bank, N.A. v Hussain, 186 AD3d 1459, 1462).
Here, the statute of limitations began to run on May 20, 2011, when CitiMortgage commenced the 2011 action and elected in the complaint to call due the entire amount secured by the mortgage (see US Bank Trust, N.A. v Reizes, 222 AD3d at 909-910). The plaintiff did not commence this action until January 25, 2019, more than six years later (see Wilmington Sav. Fund Socy., FSB v Avenue Basin Mgt., Inc., 211 AD3d 1085, 1086; U.S. Bank N.A. v Nail, 203 AD3d 1095, 1097). Thus, the defendants established, prima facie, that the instant action was untimely.
In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the orders dated July 19, 2017, and January 16, 2018, respectively, which granted the plaintiff's prior motions to discontinue the 2011 action and the 2014 action, were ineffective to revoke the acceleration of the mortgage debt. FAPA amended CPLR 3217, governing the voluntary discontinuance of an action, to provide that "[i]n any action on an instrument described [*4]under [CPLR 213(4)], the voluntary discontinuance of such action, whether on motion, order, stipulation or by notice, shall not, in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim, unless expressly prescribed by statute" (id. § 3217[e]; see Wells Fargo Bank, N.A. v Edwards, 231 AD3d 1189, 1193; MTGLQ Invs., L.P. v Lila, 226 AD3d 889, 891; Bank of N.Y. Mellon v MS Global Group, LLC, 222 AD3d 821, 823-824). Thus, the orders dated July 19, 2017, and January 16, 2018, did not serve to reset the statute of limitations (see Wells Fargo Bank, N.A. v Edwards, 231 AD3d at 1193; U.S. Bank N.A. v Medianik, 223 AD3d 935, 938; Bank of N.Y. Mellon v MS Global Group, LLC, 222 AD3d at 823-824; Anglestone Real Estate Venture Partners Corp. v Bank of N.Y. Mellon, 221 AD3d 943, 946).
The deceleration notice also failed to revive or reset the statute of limitations since pursuant to CPLR 203(h), also enacted as part of FAPA, "[o]nce a cause of action upon an instrument described in [CPLR 213(4)] has accrued, no party may, in form or effect, unilaterally waive, postpone, cancel, toll, revive, or reset the accrual thereof, or otherwise purport to effect a unilateral extension of the limitations period prescribed by law to commence an action and to interpose the claim, unless expressly prescribed by statute" (HSBC Bank USA, N.A. v Corrales, 224 AD3d 816, 819 [internal quotation marks omitted]; see Kandinov v Deutsche Bank Natl. Trust Co., 227 AD3d 685, 687; US Bank Trust, N.A. v Reizes, 222 AD3d at 910; Anglestone Real Estate Venture Partners Corp. v Bank of N.Y. Mellon, 221 AD3d at 946-947).
The plaintiff's contention that FAPA should not be applied retroactively is without merit. "Statutory amendments are presumed to have prospective application; that presumption is rebutted if the Legislature explicitly states or clearly indicates that an amendment should apply retroactively" (Genovese v Nationstar Mtge. LLC, 223 AD3d 37, 44). In conducting a retroactivity analysis, the court must consider "whether the amendment is remedial in nature; whether the Legislature made a specific pronouncement about retroactive effect or conveyed a sense of urgency; whether the amendment is designed to rewrite an unintended judicial interpretation; and whether the amendment reaffirms a legislative judgment about what the law should be" (id.; see Matter of Gleason [Michael Vee, Ltd.], 96 NY2d 117, 122).
FAPA took "effect immediately" and applies to all actions commenced on an instrument described under CPLR 213(4) "in which a final judgment of foreclosure and sale has not been enforced" (L 2022, ch 821, § 10). Thus, "'although the Legislature did not explicitly state that FAPA should apply retroactively, it clearly indicated that it should'" (Wells Fargo Bank, N.A. v Edwards, 231 AD3d at 1193 [alteration omitted], quoting Genovese v Nationstar Mtge. LLC, 223 AD3d at 44; see Bayview Loan Servicing, LLC v Dalal, 232 AD3d 487). Moreover, FAPA is remedial in nature (see Wilmington Trust, N.A. v Farkas, 232 AD3d 524; Genovese v Nationstar Mtge. LLC, 223 AD3d at 45) and contains language evincing a sense of urgency (see U.S. Bank N.A. v Lynch, 233 AD3d 113; Genovese v Nationstar Mtge. LLC, 223 AD3d at 45). In addition, FAPA was "designed, in part, to rewrite unintended judicial interpretations, and to reaffirm legislative judgment about what certain laws relating to the application of the statute of limitations to mortgage foreclosure actions should be" (Genovese v Nationstar Mtge. LLC, 223 AD3d at 45). Thus, "the Legislature's goal, expressed in the language of FAPA and its legislative history, was to see FAPA applied retroactively" (id.; see Wilmington Trust, N.A. v Farkas, 232 AD3d 524; Bayview Loan Servicing, LLC v Dalal, 232 AD3d 487).
Moreover, the plaintiff failed to demonstrate that the retroactive application of FAPA violates the Due Process Clause and the Takings Clause of the United States and New York Constitutions or the Contracts Clause of the United States Constitution (see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038; Wilmington Trust, N.A. v Farkas, 232 AD3d 524; Bayview Loan Servicing, LLC v Dalal, 232 AD3d 487).
The defendants' remaining contentions need not be reached in light of our determination.
Accordingly, we reverse the order and judgment of foreclosure and sale, deny those [*5]branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer and affirmative defenses, and for an order of reference, grant those branches of the defendants' cross-motion which were to deem the deceleration notice invalid and of no force and effect and to dismiss the complaint insofar as asserted against them as time-barred, and deny, as academic, those branches of the defendants' cross-motion which were for leave to renew those branches of their prior cross-motion which were to deem the deceleration notice invalid and of no force and effect and to dismiss the complaint insofar as asserted against them as time-barred and, upon renewal, to dismiss the complaint insofar as asserted against them as time-barred.
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court