Pacheco v P.V.E. Co., LLC (2026 NY Slip Op 01072)

Pacheco v P.V.E. Co., LLC

2026 NY Slip Op 01072

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-11543
 (Index No. 522742/20)

[*1]Oscar Rene Pacheco, respondent, 
vP..E. Co., LLC, et al., appellants, et al., defendant (and third-party actions).

Cullen & Dykman LLP, New York, NY (Olivia M. Gross and Erik E. Harris of counsel), for appellants.
Wingate, Russotti, Shapiro, Moses & Halperin, LLP (Chirico Law PLLC, Brooklyn, NY [Vincent Chirico], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants P.V.E. Co., LLC, P.V.E. II, Co., LLC, and 70 Nardozzi, LLC, appeal from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated September 6, 2023. The order, insofar as appealed from, denied those defendants' motion for leave to amend their answer.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On June 15, 2020, the plaintiff allegedly was injured at a construction site while using a spray gun to apply fireproofing material to wooden beams when the ladder on which he was standing shifted, causing him to discharge the spray gun onto his right index finger. In November 2020, the plaintiff commenced this action to recover damages for personal injuries against, among others, the owners of the subject premises, P.V.E. Co., LLC, and P.V.E. II, Co., LLC (hereinafter together the P.V.E. defendants), and the general contractor for the subject project, 70 Nardozzi, LLC (hereinafter Nardozzi). The plaintiff also filed a workers' compensation claim, and in a determination dated August 23, 2022, the Workers' Compensation Board (hereinafter WCB) disallowed a portion of the plaintiff's claim.
In January 2023, the P.V.E. defendants and Nardozzi (hereinafter collectively the defendants) moved for leave to amend their answer to assert an affirmative defense of collateral estoppel based upon the WCB's determination. The plaintiff opposed the motion based upon an amendment to the Workers' Compensation Law, section 118-a, also known as the Justice for Injured Workers Act (JIWA), which provides that "no finding or decision by the workers' compensation board, judge or other arbiter shall be given collateral estoppel effect in any other action or proceeding arising out of the same occurrence, other than the determination of the existence of an employer employee relationship" (Workers' Compensation Law § 118-a). In an order dated September 6, 2023, the Supreme Court, inter alia, denied the defendants' motion, determining that JIWA, which was enacted on December 30, 2022, applied retroactively and operated to bar the defendants' proposed affirmative defense of collateral estoppel. The defendants appeal.
"Applications for leave to amend pleadings under CPLR 3025(b) should be freely granted unless the proposed amendment (1) would unfairly prejudice or surprise the opposing party, or (2) is palpably insufficient or patently devoid of merit" (Inglese v City of New York, 237 AD3d 1077, 1078 [internal quotation marks omitted]; see Spence v City of New York, 202 AD3d 1124, 1126).
"The doctrine of collateral estoppel precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Harco Constr., LLC v Scottsdale Ins. Co., 239 AD3d 610, 613 [internal quotation marks omitted]; see Ryan v New York Tel. Co., 62 NY2d 494, 500). However, Workers' Compensation Law § 118-a provides that "no finding or decision by the workers' compensation board, judge or other arbiter shall be given collateral estoppel effect in any other action or proceeding arising out of the same occurrence, other than the determination of the existence of an employer employee relationship."
"[G]enerally, a statute is presumed to apply only prospectively" (Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 370; see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583). "In determining whether a statute should be given retroactive effect, we have recognized two axioms of statutory interpretation" (Matter of NYP Holdings, Inc. v New York City Police Dept., 43 NY3d 357, 362 [internal quotation marks omitted]; see Matter of Gleason [Michael Vee, Ltd.], 96 NY2d 117, 122). "First, retroactive operation is not favored by courts and statutes will not be given such construction unless the language expressly or by necessary implication requires it" (Matter of NYP Holdings, Inc. v New York City Police Dept., 43 NY3d at 362 [internal quotation marks omitted]; see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d at 583). "Second, remedial legislation should be given retroactive effect in order to effectuate its beneficial purpose" (Matter of NYP Holdings, Inc. v New York City Police Dept., 43 NY3d at 362-363 [internal quotation marks omitted]; see Matter of Gleason [Michael Vee, Ltd.], 96 NY2d at 122). "In addition to these principles of statutory construction, we have identified [o]ther factors relevant to the retroactivity analysis, including whether the Legislature has made a specific pronouncement about retroactive effect or conveyed a sense of urgency; whether the statute was designed to rewrite an unintended judicial interpretation; and whether the enactment itself reaffirms a legislative judgment about what the law in question should be" (Matter of NYP Holdings, Inc. v New York City Police Dept., 43 NY3d at 363 [internal quotation marks omitted]; see Matter of Gleason [Michael Vee, Ltd.], 96 NY2d at 122).
Here, the Supreme Court properly determined that JIWA should be applied retroactively. The legislative history makes clear that the Legislature intended the amendment to the Workers' Compensation Law to have a remedial effect, conveyed a sense of urgency by stating that it was to go into effect immediately, and stated that the intent of the amendment was to rewrite unintended judicial interpretation and to reaffirm the Legislature's intended purpose (see Senate Introducer's Mem in Support of 2022 NY Senate Bill S9149, Bill Jacket, L 2022, ch 835; Garcia v Monadnock Constr., Inc., 235 AD3d 96, 98-99; Nunez v CH Hous. Dev. Fund Corp., 234 AD3d 600, 600). Thus, based upon the operation of JIWA, the court properly determined that the defendants' proposed amendment to their answer to assert the affirmative defense of collateral estoppel was palpably insufficient and devoid of merit (see Garcia v Monadnock Constr., Inc., 235 AD3d at 100).
Accordingly, the Supreme Court properly denied the defendants' motion for leave to amend their answer.
DILLON, J.P., WOOTEN, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court