Garcia v Monadnock Constr., Inc.

2026 NY Slip Op 03217

May 21, 2026

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Waldy Quinones Garcia, Respondent,

v

Monadnock Construction, Inc. et al., Appellants.

Decided on May 21, 2026

No. 26

John V. Fabiani, for appellants.

Travis K. Wong, for respondent.

[*1]

MEMORANDUM:

The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.

Plaintiff was injured in 2020 while working at a construction site. He filed a workers' compensation claim as well as a personal injury action alleging negligence and Labor Law violations. In 2021, the Workers' Compensation Board determined that plaintiff did not sustain causally related injuries. One year later, defendants in the personal injury action moved to amend their answer to assert an affirmative defense of collateral estoppel based on the Workers' Compensation Board's decision and for partial summary judgment.

Plaintiff opposed that motion, arguing that a newly enacted law, the Justice For Injured Workers Act (JIWA) (L 2022, ch 835), prohibited the court from giving collateral estoppel effect to the workers' compensation decision. JIWA provides that a determination by the Workers' Compensation Board "shall not be given collateral estoppel effect in any other action or proceeding arising out of the same occurrence, other than the determination of the existence of an employer employee relationship" (Workers' Compensation Law § 11 [2]; see also id. § 118-a [similarly providing that "no finding or decision by the workers' compensation board, judge or other arbiter shall be given collateral estoppel effect in any other action or proceeding arising out of the same occurrence, other than the determination of the existence of an employer employee relationship"]).

The legislature provided that JIWA would take effect "immediately" (L 2022, ch 835, § 4). It therefore took effect on the date that the Governor signed it into law: December 30, 2022. Plaintiff's opposition to defendant's motion was filed in February 2023, and plaintiff argued that pursuant to JIWA, Supreme Court could not give collateral estoppel effect to the 2021 workers' compensation decision. In reply, defendants asserted that JIWA should not be applied "retroactively" to cases pending before the effective date of the legislation.

In July 2023, Supreme Court granted defendants' motion. On appeal, the Appellate Division reversed. Analyzing the various factors discussed in Matter of Gleason [Michael Vee, Ltd.] (96 NY2d 117, 122 [2001]), the Appellate Division concluded that JIWA should be applied retroactively (235 AD3d 96 [1st Dept 2025]). We now affirm, but for different reasons.

At the time Supreme Court rendered its decision, JIWA had been in effect for several months. By its plain terms, JIWA, as of its effective date, prohibits courts from giving collateral estoppel effect to workers' compensation decisions arising out of the same occurrence, except with respect to the existence of an employer-employee relationship (see Workers' Compensation Law § 118-a). Pursuant to a straightforward prospective application of JIWA, Supreme Court therefore erred in giving collateral estoppel effect to the 2021 decision of the Workers' Compensation Board.

Defendants argue that application of JIWA after its effective date to bar collateral estoppel effect of workers' compensation decisions rendered before JIWA's effective date would be a retroactive application. We disagree. "A statute has retroactive effect . . . if it would impair rights a party possessed when [they] acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed" (American Economy Ins. Co. v State of New York, 30 NY3d 136, 147 [2017] [internal quotation marks omitted]). Application of JIWA after its effective date has none of those effects. " '[A] statute does not operate 'retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment' " (Gottwald v Sebert, 40 NY3d 240, 258 [2023], quoting Landgraf v USI Film Products, 511 US 244, 269 [1994]).

As of JIWA's effective date of December 30, 2022, courts are prohibited from giving collateral estoppel effect to workers' compensation decisions in pending or future lawsuits, except as to the existence of an employer-employee relationship. Because the statute applied at the time Supreme Court rendered its decision, the court erred in granting defendant's motion.

Order affirmed, with costs, and certified question answered in the affirmative, in a memorandum. Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro, Troutman and Halligan concur.

Decided May 21, 2026